38883. DENMON v. RICH'S, INC.

CARLISLE, Presiding Judge. This is the third appearance of this litigation before this court. On its last previous appearance, this court held that the trial court did not err in over-

ruling the general demurrer to count 2 of the petition. See *Rich's Inc. v. Denmon*, 101 Ga. App. 600 (114 S. E. 2d 462), which contains a sufficient statement of the allegations of the petition. Upon the trial of the case, the only evidence relied upon to show notice to the defendant of the presence of the particular marble upon which the plaintiff stepped and fell was evidence of a witness that some four hours prior to the occurrence he had picked up two marbles from the floor of the defendant's store and delivered the same to a sales clerk of the defendant. These marbles were found some 100 feet or more from the point where the plaintiff fell. Assuming, for the sake of argument, that his evidence sufficiently established that the person to whom the witness handed the marbles was an agent, servant or employee of the defendant, such evidence was wholly insufficient to show notice to the defendant of the presence of the particular marble upon which the plaintiff stepped some 100 feet away and four hours later. Notice of one defect or of one fact is not notice of another wholly unconnected defect or fact, even though the two may be similar in nature. *Jackson v. Thom*, 80 Ga. App. 673 (57 S. E. 2d 234); *Ween v. Saul*, 88 Ga. App. 299 (76 S. E. 2d 525). In order to find that the defendant had notice of the presence of the particular marble at the time and place of the plaintiff's injury, the jury would have to infer that the marble was dropped upon the floor at the same time and under the same circumstances as the marbles found four hours earlier and over 100 feet away by the witness. There was no evidence that any other marbles were found upon the floor of the defendant's store. Such an inference is entirely too remote and insufficient on which to base the further inference that the defendant had notice of the presence of the particular marble. Under the circumstances of this case, notice to the defendant, actual or constructive, was essential to charge the defendant with negligence for failure to remove the marble from the floor. *Jones v. West End Theatre Co.*, 94 Ga. App. 299 (94 S. E. 2d 135); *Lupion v. Blass*, 101 Ga. App. 264 (113 S. E. 2d 413). The plaintiff's evidence not only failed to show these essential facts, but the defendant's evidence went further and affirmatively showed that it did not have the requisite notice. It follows that the trial court did not err in directing the verdict for the defendant.

*Judgment affirmed. Nichols and Eberhardt, JJ., concur.*

DECIDED JUNE 6, 1961.

Robert L. Mitchell, Bullock, Yancey & Mitchell, for plaintiff in error.

Smith, Swift, Currie, McGhee & Hancock, Charles L. Weltner, contra.