RAY G. REGISTER AND WIFE, ELIZABETH B. REGISTER v. JOSEPH
M. GRIFFIN, TRUSTEE, AND PIEDMONT PRODUCTION CREDIT
ASSOCIATION

No. 7026SC440

(Filed 30 December 1970)

1. Mortgages and Deeds of Trust § 7— notes executed after deed of trust

Deed of trust executed by plaintiffs on 21 November 1963 secured
not only the note executed by plaintiffs contemporaneously therewith,
but, as between the original parties thereto, also secured four additional
notes executed by plaintiffs in 1964 and 1965.

2. Mortgages and Deeds of Trust § 19— default in notes — right to fore-
close

There was sufficient evidence to sustain the trial court's finding
that notes secured by a deed of trust were in default, and the court
properly concluded that the trustee had a right to foreclose on the
deed of trust.

3. Attorney and Client § 9; Costs § 4— attorneys' fees for collection of
notes — liability of debtor — statutes

Provisions in notes executed prior to the repeal in 1965 of [former]
G.S. 25-8 that required the debtors to pay reasonable attorneys' fees
for collection of the notes were rendered unenforceable by that statute,
notwithstanding the enactment in 1967 of G.S. 6-21.2 permitting such
provisions, since the former statute became a part of the contracts
between the parties and the new statute could not vary the terms of
those contracts.

APPEAL by plaintiffs from *Froneberger, Judge of the Su-
perior Court,* 16 March 1970 Schedule "D" Session, MECKLEN-
BURG Superior Court.

Plaintiffs instituted this action to restrain defendants from
foreclosing under the power of sale contained in a deed of trust
executed by plaintiffs on 21 November 1963.

The deed of trust provides, in pertinent part, as follows:

"THIS INDENTURE, entered into this 21st day of Novem-
ber, 1963, by and between Ray G. Register and wife, Eliza-
beth B. Register, (hereinafter called Undersigned, whether
Borrower or other person(s),) and Joseph M. Griffin Trus-
tee (hereinafter called Trustee), and Piedmont Production
Credit Association (hereinafter called Lender): WIT-
NESSETH: Whereas, Lender has made or agreed to make
advances to Ray G. Register and Elizabeth B. Register,

(hereinafter called Borrower, whether one or more), in an aggregate amount not exceeding Twelve Thousand Two Hundred and No/100 ($12,200.00) Dollars, evidenced by an installment note of this date executed by Borrower to Lender, providing for interest rate, amounts and dates of advances, maturity date(s), and other terms:

"THEREFORE, in consideration of said advances and One Dollar ($1.00) paid to Undersigned, receipt acknowledged, and for better securing said indebtedness, and any additional advances (not exceeding an equivalent amount) that may subsequently be made to Borrower by Lender, and all renewals and extensions thereof, and all other indebtedness now due or to become due or hereafter to be contracted, with interest and costs, Undersigned has granted, bargained, sold, and conveyed, and by these presents does grant, bargain, sell and convey unto Joseph M. Griffin Trustee, his successors and assigns, a certain tract of land situate . . . "

"A default under this instrument or under any other instrument heretofore or hereafter executed by Borrower to Lender shall at the option of Lender constitute a default under any one or more, or all instruments executed by Borrower to Lender . . . "

Contemporaneously with the execution of the deed of trust plaintiffs executed a note of the same date which may be summarized as follows:

$12,200.00 advanced
   9,200.00 on 22 November 1963
   3,000.00 on 6 December 1963

Repayment schedule

$1,930.00, 15 November 1964
 1,930.00, 15 November 1965
 1,940.00, 15 November 1966
 1,800.00, 15 November 1967
 1,800.00, 15 November 1968
 1,400.00, 15 November 1969
 1,400.00, 1 November 1970

The note further contained an acceleration clause in the event of default of payment as provided.

Thereafter plaintiffs executed four additional notes which may be summarized as follows:

$2,000.00, 9 March 1964
  1,500.00, 18 August 1964
  3,050.00, 29 June 1965
  3,900.00, 1 October 1965

Each of the above four notes contains the following language: "The maker hereof, by executing this note, amends his application for loan heretofore submitted, and requests an increase equal to the amount of this note, for the following purposes: . . . " On three of the additional notes the purpose for which the additional loan was requested was set forth, and on one the purpose was not stated. Also each of the four additional notes contains an acceleration clause in the event of default of payment as provided.

In September 1967, pursuant to the power of sale contained in the deed of trust, defendant trustee commenced advertisement for sale of the lands described. On 20 October 1967 plaintiffs instituted an action for injunction to prevent the sale. Plaintiffs did not deny that they had failed to make payments in accordance with the terms of the various notes, but alleged a promise on the part of defendant to extend the due dates for certain payments. A temporary restraining order was issued 16 November 1967, and a trial on the merits was continued from time to time until 29 January 1969 at which time judgment was issued dismissing the action for failure of plaintiffs to prosecute.

On 14 February 1969 defendant trustee commenced a new advertisement of sale under the power of sale contained in the deed of trust. Plaintiffs instituted the present action on 13 March 1969 seeking an injunction against the foreclosure sale on the grounds that the note secured by the deed of trust was not in default. A temporary restraining order was issued 13 March 1969, and on 21 March 1969 was continued to the trial of the action on the merits (The order of 21 March 1969 is the subject of appeal to this Court. See opinion in 6 N. C. App. 572).

The action came on for trial on the merits in March 1970 before Judge Froneberger, by consent sitting without a jury. He

made findings of fact, conclusions of law, and entered judgment as follows:

"THIS CAUSE COMING ON TO BE HEARD and being heard at the Schedule 'D' Civil Term of the Superior Court of Mecklenburg County, North Carolina, the Honorable P. C. Froneberger, Judge Presiding, and by stipulation of counsel of both parties in open court it was agreed that:

"1. The court would hear the matter without a jury as well as act as referee, determining all matters and things in controversy.

"2. This judgment may be signed in or out of term.

"AND THE COURT FINDS the facts to be as follows:

"1. That the defendant Joseph M. Griffin is trustee in that certain deed of trust dated November 21, 1963, made by the plaintiff to secure a loan from the defendant Piedmont Production Credit Association, said deed of trust being recorded in Book 2483 at page 555 in the office of the Register of Deeds for Mecklenburg County, North Carolina.

"2. That said deed of trust is in the face amount of $12,200.00 but is so drafted that it secures additional advances not exceeding an equivalent amount of $12,200.00, therefore making said deed of trust secure an amount up to $24,400.00.

"3. That said deed of trust secures five notes, said five notes being described as follows:

| | | |
|---|---|---:|
| Note A: | Dated November 21, 1963, amount of | $12,200.00 |
| Note B: | Dated March 9, 1964, amount of | 2,000.00 |
| Note C: | Dated August 18, 1964, amount of | 1,500.00 |
| Note D: | Dated June 29, 1965, amount of | 3,050.00 |
| Note E: | Dated October 1, 1965, amount of | 3,900.00 |
| | Total | $22,650.00 |

"4. That each of said notes bears interest at the rate of 6% per annum, provided, however, that 'should the rate of interest which payee charges its members increase or decrease before this note is paid in full, then interest shall accrue on this note at the increased or decreased rate from

the effective date of each such increase or decrease . . . ';
that the interest on the unpaid balance is payable when each
installment of principal is payable and that each note, re-
spectively, sets out on its face the dates upon which the
principal installments of each, respectively, are due; and
that the plaintiffs in signing these notes promised to pay
all costs of collection, including reasonable attorney fees of
not less than 10% unless contrary to the laws of the State
where the note is executed.

"5. That as a condition of the loans made to the plain-
tiffs by the defendant Piedmont Production Credit Associa-
tion, the plaintiffs were required to purchase and did
purchase 170 shares at $5.00 per share of Class B stock in
the defendant Piedmont Production Credit Association,
which stock said defendant Piedmont Production Credit
Association held as additional security.

"6. That advances were made by the defendant Pied-
mont Production Credit Association to the plaintiffs,
principal payments and interest payments were received by
the defendant Piedmont Production Credit Association from
the plaintiffs, that the defendant Piedmont Production
Credit Association sold plaintiffs' stock and applied the
proceeds from the sale of said stock to plaintiffs' indebted-
ness; that defendant Piedmont Production Credit Associ-
ation paid attorney fees (foreclosure advertisement fees
included therein) in attempts to collect said indebtedness,
all in the amounts and on the dates as set forth in Exhibit
A attached hereto and made a part hereof.

"7. That the interest rate of the defendant Piedmont
Production Credit Association changed on July 1, 1968,
from 6% to 7%, and was again changed on February 13,
1969, back to 6%.

"8. That said deed of trust mentioned in paragraph
one above has therein a 'cross default' provision whereby a
default on any instrument executed by plaintiffs constitutes
a default on all instruments executed by plaintiffs to the
defendant Piedmont Production Credit Association.

"9. That this action was instituted by filing a com-
plaint in the Superior Court of Mecklenburg County, North
Carolina, on March 13, 1969.

"10. That no payments have been received by the defendant Piedmont Production Credit Association, except for the sale of plaintiffs' stock sold by the defendant Piedmont Production Credit Association and applied to the plaintiffs' account, since January 20, 1967, and further, that if all payments of every nature paid by the plaintiffs to the defendant Piedmont Production Credit Association had been applied to Note A mentioned above that said Note A would have been in default as of the filing of this action, and that therefore all notes are now in default and have been in default since prior to the commencement of this action.

"11. That the defendant Piedmont Production Credit Association should be reimbursed, in accordance with the language in the notes, for all attorney fees, advertisement costs and court costs, reasonably incurred and paid by it to date in attempts to collect said notes, and for any further cost or attorney fees, advertisement fees or court costs that the defendant Piedmont Production Credit Association reasonably incurs in collecting the sum due, including a reasonable amount for attorney fees incurred in the trial of this very action.

"12. That there was owed as of February 24, 1970 the sum of $14,065.00 in principal plus the sum of $5,358.69 interest, making a total sum owed as of February 24, 1970 of $19,423.69 and that interest has accrued thereafter and shall accrue thereafter at the rate of $2.312 per day plus additional attorney fees which the court finds to be reasonable in the amount of $500.00.

"13. That, in view of the default, the defendant Piedmont Production Credit Association has the right to foreclose said deed of trust immediately.

"CONCLUSIONS OF LAW:

"From the foregoing facts the court makes the following conclusions of law:

"1. That the defendant Piedmont Production Credit Association rightfully charged the plaintiffs $691.20 for attorney fees previously incurred, said attorney fees including the cost of foreclosure advertisement, and rightfully

charged the plaintiffs the sum of $10.00 paid to the Clerk of Superior Court in attempting to collect said notes.

"2. That the defendant Piedmont Production Credit Association is owed by the plaintiffs the sum of $14,065.00 principal plus $5,358.69 interest to February 24, 1970, plus interest at the rate of $2.312 per day thereafter.

"3. That said notes secured by said deed of trust as found in Book 2483 at page 555 in the office of the Register of Deeds for Mecklenburg County, North Carolina, are in default and have been in default since the commencement of this action and that the defendant Piedmont Production Credit Association should and does have the right to foreclose same immediately.

"4. That the firm of Griffin and Gerdes is rightfully due compensation for defending and trying this action, and said compensation in the amount of $500.00 should be charged to the plaintiffs herein.

"5. That the court should retain jurisdiction in this matter pending foreclosure and full settlement thereof.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

"1. That the defendant Piedmont Production Credit Association is owed by the plaintiffs the sum of $14,065.00 principal plus $5,358.69 interest up to February 24, 1970, plus interest at a daily rate thereafter at the rate of $2.312 per day.

"2. That the firm of Griffin and Gerdes, attorneys for the defendant Piedmont Production Credit Association, have and recover of the plaintiffs the sum of $500.00 attorney fees for defending at the trial of this action.

"3. That all costs of this matter be taxed to the plaintiffs.

"4. That the defendant Piedmont Production Credit Association is entitled to have the deed of trust foreclosed through its trustee, the defendant Joseph M. Griffin, immediately, and that the trustee shall be entitled to recover normal trustee's commission out of the proceeds of said sale, as well as all costs taxed herein, plus said attorney fees

for the firm of Griffin and Gerdes in the sum of $500.—hereinbefore awarded.

"5. That the Court retains jurisdiction of this matter pending foreclosure and full settlement thereof.

This the 20th day of March, 1970.

/s/ P. C. Froneberger
Judge Presiding

"EXHIBIT A

ADVANCEMENTS BY PIEDMONT PRODUCTION CREDIT ASSOCIATION TO PLAINTIFFS

| | |
|---|---:|
| Note A: 11/22/63 | $ 9,200.00 |
| 12/6/63 | 3,000.00 |
| Note B: 3/16/64 | 2,000.00 |
| Note C: 8/24/64 | 1,500.00 |
| Note D: 6/28/65 | 3,050.00 |
| Note E: 10/1/65 | 3,900.00 |
| Total Advanced Plaintiffs | $22,650.00 |

EXPENSES INCURRED BY PIEDMONT PRODUCTION CREDIT ASSOCIATION TO DATE

| | |
|---|---:|
| Attorney Fees 3/25/69 | $ 239.60 |
| Clerk of Superior Court 4/4/69 | 10.00 |
| Attorney Fees 11/3/69 | 451.60 |
| Total Expenses Incurred | $ 701.20 |

PAYMENT ON PRINCIPAL BY PLAINTIFFS

| | |
|---|---:|
| 12/6/63 | $ 193.00 |
| 1/10/64 | 190.00 |
| 2/14/64 | 190.00 |
| 3/11/64 | 190.00 |
| 4/17/64 | 40.00 |
| 7/28/64 | 3,057.00 |
| 7/28/64 | 800.00 |
| 8/31/64 | 100.00 |
| 11/17/64 | 50.00 |
| 4/9/65 | 50.00 |
| 8/13/65 | 300.00 |

Register v. Griffin

| | |
|---|---|
| 6/27/66 | 435.00 |
| 10/20/66 | 550.00 |
| 8/15/66 | 500.00 |
| 1/20/67 | 1,940.00 |
| Total Principal Payments | $ 8,585.00 |

PAYMENTS ON INTEREST BY PLAINTIFFS

| | |
|---|---|
| 7/28/64 | $   143.00 |
| 8/13/65 | 78.91 |
| 6/27/66 | 168.48 |
| 8/15/66 | 60.32 |
| 10/20/66 | 231.43 |
| Total Interest Payments | $   682.14 |

SALE OF PLAINTIFFS' STOCK BY PIEDMONT PRODUCTION CREDIT ASSOCIATION

| | |
|---|---|
| 2/12/69 | $   850.00" |

Plaintiffs assign as error each finding of fact, each conclusion of law, and the entry of the judgment.

*H. Parks Helms for plaintiffs.*

*Joseph M. Griffin for defendants.*

BROCK, Judge.

The evidence by each side dwells at length upon dollar figures, *i.e.* the face amounts of notes, the interest accrued on the various notes, and the payments and applications thereof to interest and principal due. Obviously a summary of the evidence would be difficult to follow, and, in our opinion, would serve no useful purpose.

[1]   All of plaintiffs' assignments of error are directed to two contentions asserted by plaintiffs. *First,* plaintiffs contend that the 21 November 1963 deed of trust secures only the note which was executed contemporaneously therewith, and specifically that the said deed of trust does not secure the four additional notes executed in 1964 and 1965. And it is their contention that they were not in default in payments on the 21 November 1963 note; therefore, they assert the trustee had no authority to foreclose. *Second,* plaintiffs contend that, even if it should be determined that the trustee was correct in instituting foreclosure proceed-

ings, defendants are not entitled to recover attorney fees from plaintiffs under the provisions contained in the several notes.

## Plaintiffs' first contention

[1]  The deed of trust executed by plaintiffs, as set out in the foregoing statement of facts, contains the following provision: "THEREFORE, in consideration of said advances and One Dollar ($1.00) paid to Undersigned, receipt acknowledged, and for better securing said indebtedness, *and any additional advances (not exceeding an equivalent amount) that may subsequently be made by Borrower to Lender,* and all renewals and extensions thereof, *and all other indebtedness now due or hereafter to be contracted,* . . . " (emphasis added). By this provision the parties contemplated that additional loans not exceeding $12,200.00 made by defendants to plaintiffs would be secured by the deed of trust. Also, each of the four additional notes executed by plaintiffs in 1964 and 1965 contains the following provision: "The maker hereof, by executing this note, amends his application for loan heretofore submitted, and requests an increase equal to the amount of this note . . . . " Although the provisions of the deed of trust, and the provisions of the notes are not models to be followed, they are a sufficient agreement as between the contracting parties, and, we hold that as between the original parties the deed of trust secures the four additional notes. We are not called upon to decide, and specifically do not decide, the effect of the provisions upon an innocent third party.

[2]  There was sufficient evidence to sustain the finding that the notes are in default. Therefore, it follows that the conclusion that the trustee has the right to proceed with foreclosure of the deed of trust is correct and it is hereby affirmed.

## Plaintiffs' second contention.

[3]  After the dismissal of plaintiffs' first action defendant charged plaintiffs' account with $691.20. In his conclusions of law, Judge Froneberger concluded "[t]hat the defendant Piedmont Production Credit Association rightfully charged the plaintiffs $691.20 for attorney fees previously incurred . . . . " Plaintiffs except and assign this conclusion as error. Also, Judge Froneberger concluded "[t]hat the firm of Griffin and Gerdes [defendants' attorneys] is rightfully due compensation for defending and trying this action, and said compensation in

the amount of $500.00 should be charged to the plaintiffs herein." Plaintiffs except and assign this conclusion as error. These assignments of error are sustained.

Each of the notes executed by plaintiffs contained the following provision: "We also promise to pay all costs of collection including a reasonable attorney's fee of not less than ten per centum of the total amount due hereon, unless contrary to the laws of the state where this note is executed." At the time of the execution of the notes in 1963, 1964, and 1965, such a provision for attorney fees in a note was contrary to the laws of North Carolina. G.S. 25-8 provided in part that " . . . a provision incorporated in the instrument to pay counsel fees for collection is not enforceable . . . . " This statutory provision became a part of the contracts between the parties and the repeal of G.S. 25-8 in 1965 and the enactment of G.S. 6-21.2 in 1967, which permits such a provision, did not vary the terms of the original contracts between the parties. Article I, § 10 [1], Constitution of the United States. Therefore, as between the parties, the terms of the notes relative to attorney fees is inapplicable and contrary to law.

This holding does not effect any rights defendants may have to make a motion in the cause under G.S. 1A-1, Rule 65(e).

The $691.20 attorney fees which defendant charged to plaintiffs' account is included in the figure of $5,358.69 denominated as "interest" in the judgment; therefore this interest figure must be modified.

The judgment entered by Judge Froneberger is modified to read as follows:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the defendant Piedmont Production Credit Association is owed by the plaintiffs the sum of $14,065.00 principal plus $4,667.49 interest up to February 24, 1970, plus interest at a daily rate thereafter at the rate of $2.312 per day.

2. (Deleted)

3. That the cost of this action be taxed against the plaintiffs.

4. That the defendant Piedmont Production Credit Association is entitled to have the deed of trust, as security for the five notes, foreclosed through its trustee, the defendant Joseph M. Griffin, after due advertisement according to law.

5. That the court retains jurisdiction of this matter pending foreclosure and full settlement thereof.

Except as modified as above, the judgment appealed from is affirmed.

Modified and affirmed.

Judges MORRIS and GRAHAM concur.