45836. CARLTON COMPANY et al. v. POSS.

HALL, Presiding Judge. Defendants in a personal injury action appeal from the judgment and from the denial of their motions for new trial and judgment n. o. v.

In a misting rain at 12:30 a.m. on a relatively straight and level stretch of I-75, plaintiff's automobile ran into the rear end of defendants' vehicle (a rig consisting of a truck cab pulling a 10,000 lb. "track press"). There was expert testimony that defendants' vehicle was in the right lane, that plaintiff had been straddling the center-line at the point of collision, and that plaintiff had not applied brakes. (However, one officer said he believed plaintiff had also been squarely in the right lane.) Unfortunately, plaintiff suffered a complete loss of memory concerning the event so the only evidence consists of the testimony of defendant truck driver and of the four investigating officers.

The driver testified that he was traveling at only 10 to 15 miles per hour because his engine had "quit" a few minutes previously; that he had not hit the brakes but had immediately switched on his 4-way flasher lights; and that he was attempting to slow down enough to pull over onto the grass shoulder without jack-knifing. Two investigating officers, however, testi-

fied that the driver told them that night at the scene, that he had run out of gas and was attempting to coast to the next exit. Three of the four officers said they saw a blinking tail light on the rig (the other was smashed in the collision) but none of them recall when they first noticed it or whether the front blinkers were going.

1. The evidence was sufficient to support the verdict.

2. Defendants contend the court erred in charging that where a loss of memory attributable to an accident renders the survivor incapable of testifying, it is presumed, in the absence of evidence to the contrary, that he exercised due care. There is no Georgia law on this subject, but the great weight of authority supports this presumption. See Annotation, 141 ALR 872 (1942) and subsequent case service; 29 AmJur2d 267, § 215. The contention is therefore without merit.

3. However, the court did err in allowing lengthy testimony, over defendants' continued objection, concerning a trooper's experience while driving on I-75. There was no similarity of conditions shown between this experience and the collision in litigation. In fact, the testimony showed there were great differences. While the relevancy of other occurrences is ordinarily within the sound discretion of the court, "it is necessary that the conditions of the things compared be substantially similar." Green, Georgia Law of Evidence, p. 172, § 68. Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. *Dunn v. Beck,* 144 Ga. 148 (86 SE 385); *Sammons v. Webb,* 86 Ga. App. 382 (6) (71 SE2d 832); *Standard Paint &c. Works v. Powell,* 27 Ga. App. 691 (109 SE 513).

Plaintiff contends the defendants waived any objection to this testimony by cross examining the witness on the same subject matter. This is a more difficult point to answer. Unfortunately, there exists in Georgia a line of cases purporting to stand for this bald proposition. In many of these cases it is merely dictum or makeweight since the objection was defective for some other reason. In some it has been the specific holding, but given only in a short paragraph which essentially paraphrased the "rule" and said it was applicable. The opinions give no indica-

tion of how the cross examination actually proceeded. We believe this sweeping rule, which trial lawyers on either side have found unreasonably restrictive, is long overdue for examination and clarification. As Justice Brandeis once said, "The first remedy for this situation is to go back to the place where you lost your way and start again from that point."

The solution is to be found in practical considerations. The proposition undoubtedly had some original, worthy purpose, but we have found no Georgia case describing what it might be. It is certainly contrary to the great weight of authority. See 89 CJS 504, Trial, § 661; 53 AmJur 127, Trial, § 143; 1 Wigmore on Evidence 304, § 15 and 344, § 18 (D) (3d Ed. 1940).

It seems likely that waiver of objection by cross examination developed as an offshoot of the general rule that where a party *introduces* the same evidence as that to which he objects, he has abandoned the objection. This is a reasonable rule and obviously applies where the evidence is brought in by direct examination of another witness. It is also reasonable where the cross examination covers essentially the same ground as the direct—i.e., that type of examination (derided in all trial tactics handbooks) which asks the same questions over again in the faint hope of receiving a different answer. To equate this with the "introduction" of the same evidence is not illogical and certainly spares the judge and jury a good deal of tedium. When extended beyond these situations, however, it verges dangerously on suppressing the very basic right of cross examination, the exercise of which, under the adversarial system, is concededly the best method of probing the apparent truth and completeness of the evidence offered. The unexamined extension of the rule places lawyers in the dilemma of either allowing unchallenged testimony to go to the jury in its full force or preserving their objection to its admission. In other words, they face split-second decisions to gamble on the verdict or an appeal. This "sporting theory" of justice gives the community a false notion of the purpose and end of law.

We believe the North Carolina court has produced a good analysis and distinction. After first stating its own "general rule" (that erroneous admission of evidence is not prejudical when on cross

examination the witness was asked substantially the same question and gave substantially the same answer) the court continued: "This rule is sound and wholesome, and tends to confine the inquiry to the points in issue, and obviates prolix and needless questioning of a witness and endless repetition of testimony; but when a trial judge admits evidence over objection . . . the rule does not mean that the adverse party may not, on cross examination, explain the evidence or destroy its probative value, or even contradict it with other evidence, upon peril of losing the benefit of his exception." Shelton v. Southern R. Co., 193 N. C. 670, 674 (139 SE 232).

In the same vein, it has been said "It would indeed be a strange doctrine, and a rule utterly destructive of the right and all the benefits of cross examination, to hold a litigant to have waived his objection to improper testimony because, by further inquiry, he sought on cross examination to break the force or demonstrate the untruthfulness of the evidence given in chief, in the event, as would most usually occur, that the witness should on his cross examination repeat or restate some or all of his evidence given on his direct examination." 53 AmJur 128, Trial, § 143.

Here, the cross examination elicited the testimony which showed the dissimilarity of the two occurrences and therefore destroyed the relevance of the direct evidence. Far from being a rehash, the questioning was essential not only to remove the possible prejudicial effect upon the jury, but to establish the very basis of the objection—that the direct evidence was irrelevant as a matter of law. In such circumstances, how can it be said that defendants "waived" their objection? When reasoned through, the idea will not wash.

Cross examination has many vital and legitimate purposes, some of which have been mentioned above. Where it is apparent from the record that these purposes are being pursued, the party will not be deemed to have waived his objection so as to preclude an appellate court from reviewing the initial admission of the evidence. To hold otherwise would subject a party to a double wrong.

The above holding is also supported by an Act passed by the 1971

General Assembly and signed by the Governor on April 5, 1971: "38-1713. If, on direct examination of a witness, objection is made to the admissibility of evidence, neither cross examination of the witness on the same subject matter nor the introduction of evidence on the same subject matter shall constitute a waiver of the objection made on direct examination." Ga. L. 1971, p. 460 (*Code Ann.* § 38-1713).

4. Enumerations of error 4, 5 and 7 are without merit. While the evidence was conflicting, it authorized the charges in question.

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*

ARGUED JANUARY 12, 1971—DECIDED JUNE 11, 1971—REHEARING DENIED JULY 2, 1971—

*Perry, Walters, Langstaff, Lippitt & Campbell, Jesse W. Walters,* for appellants.

*Reinhardt, Ireland, Whitley & Sims, Glenn Whitley, Divine, Busbee & Wilkin, W. T. Divine, Jr.,* for appellee.

