## 65117. McCOY v. GAY et al.

CARLEY, Judge.

Appellee-defendants are the owners of the Downtowner Motor Inn (Inn) in Albany, Georgia. The Inn provided, at the time in question, personal security for its patrons through the employment of a single guard, who apparently made periodic patrols about the premises. Appellant-plaintiff was, on the date in question, a patron of the Inn's cocktail lounge but not a guest in the Inn itself. After having several drinks, appellant left the lounge in the early morning hours to return to his car which was located in one of the Inn's lighted parking lots. While in the lot, appellant was attacked and robbed by an unknown assailant who was armed with a weapon. He sustained severe physical injuries as the result of the attack. At the time of the assault on appellant, the Inn's security guard was not patrolling the parking lot but was in the Inn itself. Appellant subsequently instituted the instant tort action, alleging that appellees "were negligent, jointly and severally, in not controlling and maintaining their business premises in a safe and adequate manner for the

protection of their invitees, customers and patrons." The case proceeded to trial, where, at the close of appellant's evidence, appellees moved for a directed verdict. Appellees' motion was granted and appellant appeals.

Appellant's action is predicated upon OCGA § 51-3-1 (Code Ann. § 105-401): "Where an owner or occupier of land, by express or implied invitation, induces or leads another to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." Under this statute, "[t]he true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. [Cits.]" *Pound v. Augusta Nat.,* 158 Ga. App. 166, 167-168 (279 SE2d 342) (1981).

Appellant asserts that, as the result of "poor" lighting and the absence of a full-time security guard, the Inn's parking lot where he was injured was a "defective condition" which subjected him to the unreasonable risk of harm from criminal assault. "[O]ne is not ordinarily charged with the duty of anticipating acts mala per se, but there are exceptions to this rule . . ." *Pittman v. Staples,* 95 Ga. App. 187, 191 (97 SE2d 630) (1957). " 'It is the duty of a proprietor to protect an invitee from injury caused by the misconduct of employees, customers and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence.' [Cit.] Ordinarily, even where the proprietor's negligence is shown, he would be insulated from liability by the intervention of an illegal act which is the proximate cause of the injury. [Cit.] 'However, the above rule has been held inapplicable if the defendant (original wrongdoer) had reasonable grounds for apprehending that such criminal act would be committed.' [Cit.]" *McClendon v. C & S Nat. Bank,* 155 Ga. App. 755, 756 (272 SE2d 592) (1980).

The burden of proof was on appellant, as plaintiff, to demonstrate appellee's knowledge that the parking lot subjected invitees to the unreasonable risk of criminal attacks. "Knowledge by the owner or 'occupier' or his employee of the dangerous condition created by a third person is a prerequisite to recovery under [OCGA § 51-3-1 (Code Ann. § 105-401)]. [Cits.]" *Holiday Inns v. Newton,* 157 Ga. App. 436, 437 (278 SE2d 85) (1981). Appellant attempted to meet this burden by showing the occurrence of two prior crimes at the Inn. "Where evidence of a prior similar accident tends to show condition and knowledge of that condition, the evidence is admissible. [Cits.]

All that is required is that the prior accident be *sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated accident.* [Cit.]" (Emphasis supplied.) *Pembrook Mgt. v. Cossaboon,* 157 Ga. App. 675, 677 (278 SE2d 100) (1981). The first previous crime shown to have occurred at the Inn was a purse snatching which had taken place the year before appellant was assaulted. The second was a robbery of two guests of the Inn, accomplished through physical violence but without the use of weapons, occurring some three years prior to the attack on appellant.

"While the relevancy of other occurrences is ordinarily within the sound discretion of the court, 'it is necessary that the conditions of the things compared be substantially similar.' [Cit.] Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate. [Cits.]" *Carlton Co. v. Poss,* 124 Ga. App. 154, 155 (183 SE2d 231) (1971), aff'd 228 Ga. 402 (185 SE2d 803) (1971). It is undisputed that both prior crimes took place at locations in the Inn *other* than the parking lot where appellant was attacked. The purse snatching occurred, according to the testimony of the victim, "as [she] was going through the door of the [Inn] . . ." The other robbery occurred as the victims had started up "a large open stairway on the outside of the [Inn going] up to a balcony that runs along the room[s] upstairs . . ." Accordingly, both prior crimes occurred at or in close proximity to the actual guest facilities provided by the Inn. The "poorly" lit and unpatrolled parking lot where appellant was assaulted — the alleged "dangerous" condition in the instant case — was, on the other hand, on the periphery of the premises some distance from the actual Inn facility itself. " ' "Generally, it may be said that it is not permissible, for the purpose of establishing whether a condition at one place is dangerous to show conditions at places other than the one in question . . ." [Cits.]' [Cit.]" *MARTA v. Tuck,* 163 Ga. App. 132, 138 (292 SE2d 878) (1982). Accordingly, proof of the two prior crimes at a location on the Inn's premises other than the asserted "dangerous" parking lot would have no relevancy or probative value with regard to appellees' knowledge of that "dangerous condition." "Notice of one defect or of one fact is not notice of another wholly unconnected defect or fact, even though the two may be similar in nature. [Cits.]" *Denmon v. Rich's,* 103 Ga. App. 818, 819 (120 SE2d 659) (1961). See also *McClendon v. C & S Nat. Bank,* supra, holding that response to ten prior alarms at bank did not show notice of potential for subsequent robbery in parking lot. Therefore, we hold that the evidence of these two prior robberies at the Inn did not meet the "similarity" requirement so as to constitute a sufficient showing of appellees' knowledge of the "litigated"

dangerous condition.

However, in addition to the two previous robberies discussed above, appellant proffered the testimony of the victim of a shooting which had occurred in the Inn's parking lot some ten years previous to appellant's assault. The testimony was excluded as being too remote and irrelevant. The exclusion of this testimony is also enumerated as error. It is urged that had this evidence not been erroneously excluded, a directed verdict for appellees would not have been authorized.

As noted above, evidence of a prior substantially similar incident is admissible to show the existence of a dangerous condition and knowledge of that condition so long as the prior incident was sufficient to attract the owner's attention to the alleged dangerous condition which resulted in the litigated incident. *Pembrook Mgt. v. Cossaboon,* supra; *Carlton Co. v. Poss,* 124 Ga. App. 154, supra. In the instant case, there was an insufficient showing of similarity between the physical conditions surrounding the prior shooting in the parking lot and the assault on appellant so as to say that proof of the former tended to prove the existence and notice to appellees of the "dangerous condition" asserted by appellant to exist at the time of the latter. Although appellant alleged that the parking lot where he was attacked was dangerous because of inadequate lighting and the absence of a full-time security force, there was no showing that the previous shooting in the lot took place under those same or similar conditions. Absent this foundation, appellant's evidence would not be admissible on the issue of whether the parking lot where appellant was assaulted was a dangerous condition on the Inn's premises. See generally *White v. Seaboard C. L. R. Co.,* 139 Ga. App. 833, 837 (2) (229 SE2d 775) (1976). Nor would the evidence be admissible on the issue of appellees' knowledge of the dangerous condition of the parking lot alleged by appellant to have existed at the time he was assaulted. If the previous shooting did not occur in a parking lot which was at least similarly lighted and unpatrolled as that which appellant now asserts was the dangerous condition in the premises resulting in the criminal assault upon him, it cannot be said that knowledge of that shooting was notice to appellees that such conditions might subject the Inn's invitees to an unreasonable risk of unprovoked random injury at the hands of criminals. Cf. *Denmon v. Rich's,* supra; *Hewett v. First Nat. Bank,* 155 Ga. App. 773 (272 SE2d 744) (1980); *McClendon v. C & S Nat. Bank,* supra; *Emory Univ. v. Williams,* 127 Ga. App. 881 (195 SE2d 464) (1973). Compare *Lay v. Munford, Inc.,* 235 Ga. 340 (219 SE2d 416) (1975).

No evidence was admitted, or was proffered and improperly excluded, which would support a finding that appellees knew or

should have known that the Inn's parking lot, as lighted and as periodically patrolled by the security guard, subjected the Inn's invitees to an unreasonable risk of sudden, unprovoked and unexpected criminal attack. "There was no evidence that appellee[s] [were] aware of a dangerous situation and chose to ignore it." *McClendon v. C & S Nat. Bank,* supra at 756. "The attack upon [appellant] was sudden, unprovoked and unexpected. While it is the duty of a proprietor to protect an invitee from injury caused by the misconduct of third persons if there is any reasonable apprehension of danger from the conduct of said persons, or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence, [cit.], nevertheless, where the [appellees] had no knowledge of and could not have discovered or foreseen the danger to [appellant, a directed verdict] in favor of appellee[s] was proper." *Hewett v. First Nat. Bank,* supra, at 774.

Judgment affirmed. *Shulman, C. J., and Quillian, P. J., concur.*

DECIDED MARCH 2, 1983.

*Adie N. Durden, Jr., Joe S. Champion, Harry L. Wingate, Jr.,* for appellant.
*Thomas S. Chambless,* for appellees.