### 67038. TOLBERT v. CAPTAIN JOE'S SEAFOOD, INC.
### 67039. TOLBERT v. VICKERS.

CARLEY, Judge.

Appellee-defendant Captain Joe's Seafood, Inc., is the owner and operator of a restaurant in Waycross, Georgia and appellee-defendant Vickers is both the manager of the restaurant and the owner of the land on which it is located. On September 3, 1980, appellant-plaintiff was a patron of the restaurant. After finishing her meal, appellant left the restaurant to return to her car. Before she reached her car in the restaurant parking lot, appellant was accosted by an individual wield-

ing a gun. Appellant was forced into her vehicle at gunpoint and was driven away. She was then robbed and raped. The criminal who perpetrated the crimes against appellant was subsequently apprehended and pled guilty.

As a result of these events, appellant filed a civil suit against numerous defendants. As against appellees, appellant alleged a negligent breach of the duty to protect patrons from the acts of third persons and of the duty to provide a reasonably safe place for invitees. Appellees subsequently moved for summary judgment, supporting their motions with affidavits disavowing knowledge of "any attacks or criminal activity which have ever taken place on the premises prior to the incident which is the subject of this lawsuit . . ." In opposition to the motions for summary judgment, appellant submitted an arrest warrant, dated September 4, 1980. This warrant was for the arrest of the same individual who had attacked appellant, but alleged the commission of a crime to which appellant had no connection. According to the arrest warrant, the individual had "without authority and with intentions of committing a theft therein, entered [another] auto parked at Capt. Joe's Restaurant . . ." The warrant further alleged that this separate and distinct violation of OCGA § 16-8-18 had occurred on September 3, 1980, which was the same day that appellant had been accosted in the restaurant parking lot by the same criminal. In addition to the warrant, appellant submitted the indictment returned against her assailant charging him with the commission of this other crime in the restaurant parking lot. The indictment, however, alleged that the violation of OCGA § 16-8-18 had occurred on September 2, 1980, the day before appellant was attacked on the restaurant premises. It was appellant's contention that the allegations of the warrant and indictment demonstrated that appellees knew or should have known that patrons of their parking lot were in need of protection from criminal activity.

A hearing was held on appellees' motions and the trial court granted summary judgment to both. Appellant filed a notice of appeal as to each order. The resulting two appeals raise identical issues and have accordingly been treated as companion cases for purposes of appellate disposition in this single opinion.

1. Contrary to appellant's contentions, appellees' knowledge of prior instances of criminal attacks on its patrons was an essential element of her claim in the instance case. " 'Knowledge by the owner or "occupier" or his employee of the dangerous condition created by a third person is a prerequisite to recovery under [OCGA § 51-3-1 (Code Ann. § 105-401)]. [Cits.]' [Cit.]" *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983). Accordingly, appellees' affidavits denying such knowledge were sufficient to pierce appellant's pleadings and to shift the burden to her to demonstrate that genuine issues of

material fact remained regarding appellees' negligence in failing to warn patrons or provide for their personal security in the parking lot. See generally *Hewett v. First Nat. Bank*, 155 Ga. App. 773 (272 SE2d 744) (1980).

2. Thus, the issue becomes whether the evidence of the occurrence of another crime in the parking lot was sufficient to preclude the grant of summary judgment to appellees. "[E]vidence of a prior substantially similar incident is admissible to show the existence of a dangerous condition and knowledge of that condition so long as the prior incident was sufficient to attract the owner's attention to the alleged dangerous condition which resulted in the litigated incident. [Cits.]" *McCoy v. Gay*, supra at 593. There is some question whether the other crime which occurred in the restaurant parking lot took place *prior* to the assault on appellant. The indictment does allege that the crime occurred on the day before appellant's assault but the arrest warrant merely lists the date of the separate crime as the same day that appellant was attacked in the parking lot, with nothing to indicate whether it occurred before or after the time that appellant was abducted. However, construing the evidence most strongly for appellant, it would appear that the other crime occurred prior to those perpetrated against her.

The question yet remains, however, of whether the occurrence of this prior crime was "sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated [incident]. [Cit.]" *Pembrook Mgt. v. Cossaboon*, 157 Ga. App. 675, 677 (278 SE2d 100) (1981). The dangerous condition alleged by appellant to exist in the restaurant's parking lot was a risk of unprovoked random personal injury at the hands of a criminal. The prior crime did not involve personal injury to a restaurant patron. As alleged in the arrest warrant and the indictment, the prior crime involved solely a violation of property rights. We cannot say that a crime against property only is so substantially similar to a crime against the person such that knowledge of a single prior occurrence of a crime of the former type is notice of the foreseeable future occurrence of a crime of the latter type. " 'Notice of one defect or of one fact is not notice of another wholly unconnected defect or fact, even though the two may be similar in nature. [Cits.]' [Cit.]" *McCoy v. Gay*, supra at 592. " 'Without a showing of substantial similarity, the evidence is irrelevant as a matter of law . . . [Cits.]' [Cit.]" *McCoy v. Gay*, supra at 592. On the record before us, "[i]t is undisputed that no [crime] of this type [which befell appellant] had ever occurred in" the parking lot of the restaurant. *Hewett v. First Nat. Bank*, supra at 774. Compare *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975). It was not error to grant appellees' motions for summary judgment.

*Judgments affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 13, 1984 —
REHEARING DENIED FEBRUARY 28, 1984.

*Lester B. Johnson III*, for appellant.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Isaac Byrd, Assistant Attorneys General, Kenneth R. Carswell, Thomas L. Howard, Hubert H. Howard, Daniell S. Landers*, for appellee (case no. 67038).

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Isaac Byrd, Assistant Attorneys General, Daniell S. Landers*, for appellee (case no. 67039).