69804. SPARKS v. PINE FOREST ENTERPRISES, INC.
69805. McCAMPBELL v. PINE FOREST ENTERPRISES, INC.
(331 SE2d 34)

DEEN, Presiding Judge.

Appellants in the two captioned cases both suffered injuries when, at different times and in different specific locations, they slipped and fell on outside steps leading to individual apartment units while visiting different tenants in an apartment complex belonging to appellee Pine Forest Enterprises, Inc., d/b/a Pine Forest Apart-

ments (Pine Forest). There was evidence that several weeks prior to Ms. Sparks' fall, which occurred in November 1977, the outside steps and front porches in the complex had been painted; there was no evidence as to what paint was applied or the manner of the application. Ms. Sparks' fall occurred at about 8:00 p.m., when the steps, walkways, and porches were wet from rain that had ceased only shortly before the incident. Ms. McCampbell slipped and fell more than two months later, in January 1978, on a different set of steps and on a clear day. Both sustained injuries which required extensive treatment and which allegedly produced permanent disability: Ms. Sparks suffered injury to the sacroiliac joint and surrounding areas of her back, and Ms. McCampbell broke her ankle. Each appellant filed a separate action against appellee, alleging negligence. Ms. Sparks sought $500,000 in damages, plus costs; Ms. McCampbell sought $100,000 plus costs. Each plaintiff subsequently amended her complaint to allege that the recent painting of the steps had created "a hidden, latent and unobservable danger" and that appellee had failed to warn of that danger.

Appellee Pine Forest unsuccessfully moved for summary judgment, but prior to trial the court granted Pine Forest's motion *in limine* to the effect that neither plaintiff could offer evidence as to the accident which was the basis of the other plaintiff's lawsuit. Both plaintiffs obtained certificates of immediate review, and this court granted interlocutory appeals for review of the orders granting appellee's motions *in limine. Held*:

The basis for liability on the part of an owner or landlord, in circumstances such as those obtaining in the instant case, is the owner or landlord's superior knowledge; that is, that the landlord or owner knows or has reason to know of the existence of a dangerous condition, whereas the plaintiff does not. *Pound v. Augusta National*, 158 Ga. App. 166 (279 SE2d 342) (1981). "Knowledge by the owner . . . of the dangerous condition . . . is a prerequisite to recovery under [OCGA § 51-3-1]," and the burden is on the plaintiff to demonstrate such knowledge on the owner's part. *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983); *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). In certain circumstances, evidence of a similar prior occurrence is admissible to show such knowledge on the owner's or landlord's part. *Pembrook Mgt. v. Cossaboon*, 157 Ga. App. 675 (178 SE2d 100) (1981). However, "[w]hile the relevancy of other occurrences is ordinarily within the sound discretion of the court, 'it is necessary that the conditions of the things compared be substantially similar.' [Cit.] Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the court's discretion can operate." *Carlton Co. v. Poss*, 124 Ga. App. 154, 155 (183 SE2d 231) (1971), aff'd 228 Ga. 402 (185

SE2d 803) (1971).

We cannot agree with appellant McCampbell's contention that an incident occurring more than two months previously and involving a different person and different conditions of surface and lighting, and at a different address apparently some considerable distance away, is sufficiently closely related or similar to the circumstances of her fall to be relevant thereto in the legal sense; nor, conversely, can we agree with Ms. Sparks that Ms. McCampbell's accident occurred under circumstances sufficiently similar to her own so as to constitute relevant evidence. See *Denmon v. Rich's,* 103 Ga. App. 818 (120 SE2d 659) (1961).

Our scrutiny of the record in the instant case indicates that neither appellant has made the requisite showing of knowledge of the allegedly dangerous condition on the part of appellee. The trial court did not err in granting appellee's motions *in limine.*

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

Many of the facts of dissimilarity are irrelevant to the point which plaintiffs are trying to make. Their theory is that the paint which was used was the wrong paint or was applied improperly and that it was the cause of the falls on the step and on the porch. In order to make the fall of the one woman relevant to the fall of the other, plaintiffs would have to show that the paint (itself or its application) was the cause of the falls. Plaintiffs offer no such evidence. If they did, then the first fall (of Sparks) from such cause, if the owner learned of it prior to the second fall (of McCampbell), would be some evidence of the element of prior knowledge of a dangerous condition unknown to invitee McCampbell. But of course the later fall would not provide prior knowledge as related to the first fall. The second fall might, however, be supportive of evidence that the cause was the paint or its application and thus be relevant to the issue of causation.

The motion, therefore, was properly granted because the connecting evidentiary link is totally absent, plaintiffs offering no evidence whatsoever that (1) the paint itself (2) and/or coupled with its application (3) to step and porch surfaces similarly (4) whether wet or dry, caused the falls.

DECIDED APRIL 17, 1985.

*Richard L. Powell,* for appellants.

*Tash J. Van Dora, William S. Goodman,* for appellee.