A95A2216. GREENE et al. v. PIEDMONT JANITORIAL
SERVICES, INC.
(470 SE2d 270)

McMurray, Presiding Judge.

Plaintiff Barbara L. Greene and her husband, Raymond E. Greene, Sr., brought this tort action against defendant Piedmont Janitorial Services, Inc. ("Piedmont"), alleging that plaintiff Barbara L. Greene slipped and injured herself due to the slippery condition of the floor "resulting from Defendant's negligence with respect to maintaining the floor of the restroom at the [NationsBank] office where Plaintiff was employed," at 2059 Northlake Parkway, in Tucker, Georgia. Specifically, Piedmont was alleged to have "applied an excessive amount of cleaning products to the floor. . . ." Piedmont was further "negligent in that it failed to warn . . ." plaintiff of the dangerous condition in the rest room. Plaintiff Raymond E. Greene, Sr. claimed loss of consortium.

Piedmont answered, admitting that "it had a contract to provide certain cleaning services in the building where plaintiff is alleged to have fallen," but denying the material allegations of negligence. The case was tried before a jury. At the close of plaintiffs' case, Piedmont moved for a directed verdict, which was granted in part and denied in part. *The jury subsequently found for the defendant.* Plaintiffs appeal from the judgment entered on that defense verdict. *Held:*

1. Plaintiffs first contend the trial court erred in excluding evidence that Piedmont had been "notified that two persons had slipped and fallen . . . in restrooms maintained by [Piedmont] which [were] the same and/or similar to the restroom in which [plaintiff Barbara L. Greene] fell. . . ." They proffered Hanson Farmer, the president of Piedmont, who would have confirmed that, "prior to Barbara Greene falling, the building manager reported to you, to Piedmont Janitorial Services that two persons had slipped and fallen in the restrooms in the NationsBank building[.]" Hanson Farmer made it clear, however, that he had no personal knowledge of when, where, or under what circumstances these other spills occurred. To his knowledge, he "wasn't given a name or a location of anybody falling. [He] was just told that somebody had fallen[.]" Plaintiffs argue that this evidence was admissible to show that Piedmont "was placed on notice that a dangerous condition existed in the restrooms it maintained."

"Generally, it may be said that it is not permissible, for the purpose of establishing whether a condition at one place is dangerous to show conditions at places other than the one in question." (Citations and punctuation omitted.) *McCoy v. Gay*, 165 Ga. App. 590, 592 (302 SE2d 130). "While the relevancy of other occurrences is ordinarily within the sound discretion of the [trial] court, 'it is necessary that the conditions of the things compared be substantially similar.' [Cit.]

Without a showing of substantial similarity, the evidence is irrelevant as a matter of law and there is nothing upon which the [trial] court's discretion can operate. *Dunn v. Beck*, 144 Ga. 148 [(hn. 2)] (86 SE 385); *Sammons v. Webb*, 86 Ga. App. 382 (6) (71 SE2d 832); *Standard Paint &c. Works v. Powell*, 27 Ga. App. 691 [(3) (b)] (109 SE 513)." *Carlton Co. v. Poss*, 124 Ga. App. 154, 155 (3) (183 SE2d 231), aff'd *Poss v. Carlton Co.*, 228 Ga. 402 (185 SE2d 803). In the case sub judice, plaintiffs' proffer is inadequate to establish the *cause* of any falls by other persons in other rest rooms maintained by defendant Piedmont. It is sheer speculation to say that evidence of these unrelated and indefinite circumstances is proof of the same negligently excessive use of cleaning products as allegedly caused Barbara L. Greene to fall when and where she did. Barbara L. Greene failed to show that these other "accident[s] occurred under circumstances sufficiently similar to her own so as to constitute relevant evidence. See *Denmon v. Rich's*, 103 Ga. App. 818 (120 SE2d 659) (1961)." *Sparks v. Pine Forest Enterprises*, 174 Ga. App. 598, 600 (331 SE2d 34) (physical precedent). The trial court did not err in excluding this irrelevant evidence of other accidents.

2. At the close of plaintiffs' case, Piedmont moved for a directed verdict. The trial court granted this motion in part, ruling that plaintiffs failed to adduce "any evidence of [Piedmont's] failure to police or inspect" the premises. This partial direction of the verdict is enumerated as error. Plaintiffs argue that, "if a party responsible for inspecting premises fail [sic] to have appropriate inspection procedures in place, a material issue of fact is created regarding said party's constructive knowledge of a hazard," relying on *Parker v. Food Giant*, 193 Ga. App. 337 (387 SE2d 615).

OCGA § 51-3-1 imposes upon an owner or occupier of land the nondelegable duty to exercise ordinary care to keep the premises and approaches safe for invitees. *Towles v. Cox*, 181 Ga. App. 194, 195 (1), 196 (351 SE2d 718). In the case sub judice, defendant Piedmont is neither the owner nor the occupier of the NationsBank office at 2059 Northlake Parkway, in Tucker, Georgia. Likewise, plaintiff Barbara L. Greene was not Piedmont's invitee. Rather, Piedmont was merely an independent contractor which agreed to provide certain cleaning services in the building where plaintiff Barbara L. Greene fell. See generally *Callaham v. Carlson*, 85 Ga. App. 4, 16 (3) (67 SE2d 726). Consequently, OCGA § 51-3-1 imposes on the janitorial service no independent duty to inspect the premises of the occupier for the safety of the occupier's invitees. It follows that plaintiffs' reliance on *Parker v. Food Giant*, 193 Ga. App. 337, supra, is misplaced. Moreover, "an agent is ordinarily not liable for mere nonfeasance. *Kimbrough v. Boswell*, 119 Ga. 201 (1) (45 SE 977); *Southern R. Co. v. Grizzle*, 124 Ga. 735 (53 SE 244, 110 ASR 191)." *Herring v. R. L. Mathis Certified*

*Dairy Co.*, 118 Ga. App. 132, 140 (5) (162 SE2d 863), overruled in part on other grounds, sub nom., *Bourn v. Herring*, 225 Ga. 67 (1) (a), 69 (166 SE2d 89). Given the absence of a legal duty in the case sub judice for Piedmont to inspect the premises, the trial court correctly directed the verdict as to this theory of liability.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED MARCH 15, 1996.

*Cooper, Hewitt & Katz, Robert N. Katz,* for appellants.

*Webb, Carlock, Copeland, Semler & Stair, David F. Root, Mary K. Smith,* for appellee.