A97A0568. COCHRAN et al. v. LOWE'S HOME CENTER, INC. et al.

(487 SE2d 50)

BIRDSONG, Presiding Judge.

Plaintiff/appellant Carrie Jan Cochran was in a Lowe's Home Center store when a load of boxed ceiling fans fell on top of her, without warning. The fans had been stacked warehouse-style on top of shelves on the aisle where Cochran was shopping. According to Cochran, she was "pummelled" by 300 to 400 pounds of ceiling fans when a forklift operator pushed over the unstable stack while working on the adjacent aisle. Cochran's injuries were severe. According to Cochran, the evidence shows there had been warnings from employees that such stacks were too high and were unstable, and there had been staff meetings at Lowe's concerning the over-stacking of boxes which were easily toppled and how high such stacks should be to prevent them from falling, but no action was taken and no policy was established as to how high such boxes should be stacked. Lowe's had no policy concerning use of forklifts when customers were present, or if there was a policy, it was not enforced. A certified safety engineer affied that Lowe's disregarded basic safety principles and stacked boxes in a manner in violation of National Standards of Material Handling, and that the area where Cochran was shopping was highly dangerous and a "deadly situation" for anyone walking there. And, this was not the first incident where customers were injured from falling merchandise at Lowe's southeastern stores. Under a limited discovery order, plaintiff uncovered thirteen incidents in which customers were injured from falling merchandise in Lowe's stores in four states in the year and a half before Cochran was injured. In fact, four other customers were injured at this Macon, Georgia store in the eighteen months preceding Cochran's injuries. Two of these injuries occurred the same month as Cochran's injuries; one customer was struck in the head by a box that fell off a shelf, and another was struck by a box that fell when an employee was "up-stocking."

The trial court granted summary judgment to Lowe's on plaintiffs' claim for punitive damages. On appeal, Cochran contends the

trial court erred because Lowe's knowledge of the dangerous conditions and of previous injuries to customers, combined with its failure to prevent similar occurrences, created an issue for the jury as to whether such conduct amounts to wilful or wanton misconduct or that entire want of care that raises the presumption of conscious indifference to the consequences under OCGA § 51-12-5.1. Secondly, Cochran contends that Lowe's own safety policies regarding the use of spotters and interlocking support for unwrapped stacks of merchandise created a question for the jury as to whether such violations warrant an inference of conscious indifference to the consequences. *Held*:

The trial court erred in granting summary judgment to the defendant in the circumstances of this case.

On motion for summary judgment, the evidence is construed in favor of the respondent, in this case, Cochran, and she is entitled to the benefit of every dispute in the evidence and every reasonable inference of fact which arises from the evidence. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). The proprietor of premises has a statutory duty to inspect its premises and keep the premises in a safe condition for invitees. OCGA § 51-3-1. The ground of liability is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. *Howell v. Three Rivers Security*, 216 Ga. App. 890, 891 (456 SE2d 278). See generally *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327).

To support an award of punitive damages in a premises liability case, there must be such "clear and convincing evidence" that the defendant showed such wilful misconduct, wantonness, or that entire want of care which would raise the presumption of conscious indifference to consequences, under OCGA § 51-12-5.1. *Bonard v. Lowe's Home Centers*, 224 Ga. App. 85, 86 (1) (479 SE2d 784); *Bradford v. Xerox Corp.*, 216 Ga. App. 83 (453 SE2d 98). Mere negligence will not support an award of punitive damages; something more than the mere commission of a tort is always required for the imposition of punitive damages. *Troutman v. B. C. B. Co.*, 209 Ga. App. 166, 167 (433 SE2d 73).

Lowe's contends the thirteen reported incidents of stacked merchandise falling on its customers and the two reported incidents where customers were injured by falling boxes during the same month and in that same store where Cochran was injured "have no relation to each other and do not evidence a specific safety issue."

In essence, Lowe's contends there is no showing of "substantial similarity" between these other, prior incidents so as to make those incidents relevant. This is the rule in products liability cases. See *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248, 258 (461 SE2d 877), rev'd on other grounds, *Ford v. Uniroyal Goodrich Tire Co.*, 267

Ga. 226, 230 (476 SE2d 565). In products liability cases, the issue is more clearly delineated such that a court may decide whether a *defect in a product* bears "substantial similarity" to a *defect in a product* involved in the suit. The question whether one defect in a product is substantially similar to another is a narrow one and susceptible to judgment by the court as in *Uniroyal Goodrich,* supra.

The matter is slightly more complicated in the case of accidents caused by a hazardous condition since the causes of accidents are subject to many factors other than a particular defect in a particular product. Nevertheless, summary judgments may still be made. See *Denmon v. Rich's, Inc.,* 103 Ga. App. 818 (120 SE2d 659); see also *Sparks v. Pine Forest Enterprises,* 174 Ga. App. 598, 600 (331 SE2d 34) (physical precedent); *Greene v. Piedmont Janitorial Svcs.,* 220 Ga. App. 743, 744 (1) (470 SE2d 270), where we held that the plaintiff's evidence that slips-and-falls had occurred in other bathrooms maintained by the defendant was "inadequate to establish the *cause* of any falls by other persons in other rest rooms maintained by [the defendant]. It is sheer speculation to say that evidence of these unrelated and indefinite circumstances is proof of the same negligently excessive use of cleaning products as [plaintiff contends]."

The alleged injuries in this case are not generalized "falls" which involve "sheer speculation" and "unrelated and indefinite circumstances." *Greene,* supra. They are specifically caused by boxes falling from shelves which were stacked too high and were therefore unstable and likely to fall. Plaintiff Cochran alleges and shows by these other incidents a particular hazard created by an habitual practice of stacking merchandise in a manner which the proprietor knew to be dangerous and knew to have caused injuries to customers in a particular manner, and for a particular reason that may render these incidents substantially similar. The evidence, construed in favor of respondent Cochran on Lowe's motion for summary judgment, shows that Lowe's had specific warning that boxes containing heavy merchandise were being stacked too high on shelves above customers; that such high stacks were unstable and had, in several recent cases, actually toppled over on customers; and this precise danger had been brought to Lowe's attention and had been discussed at safety meetings, but nothing had been done to prevent the injury which occurred to the plaintiff. It cannot be said, therefore, that there is no genuine issue of material fact and that Lowe's is entitled to judgment as a matter of law on the question whether it exhibited that entire want of care which raises a presumption of a conscious indifference to consequences. OCGA § 51-12-5.1. This is a matter for the jury in this particular case.

*Judgment reversed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 12, 1997 — 

 Before Judge Ether-
idge.

*Westmoreland, Patterson & Moseley, Thomas H. Hinson II*, for appellants.

*Goldner, Sommers, Scrudder & Bass, Henry E. Scrudder, Jr., William W. Horlock, Jr.*, for appellees.