## MOTZ *v*. CENTRAL OF GEORGIA RAILWAY COMPANY.

The evidence introduced by the plaintiff being insufficient to support the
essential allegations in the petition, the court did not err in granting
a nonsuit upon motion of the defendant.

Submitted January 16,—Decided March 11, 1909.

Action for damages.    Before Judge Charlton.    Chatham superior
court.    July 31, 1908.

*Oliver & Oliver*, for plaintiff.

*Lawton & Cunningham* and *H. W. Johnson*, for defendant.

BECK, J.    Anton Motz brought suit against the Central of Geor-
gia Railway Company, to recover damages for the homicide of his
son Horace, alleging that the deceased had been killed in conse-
quence of the negligent operation of a train by the agents and em-
ployees of the defendant company, and that at the time of his
death the deceased was in the exercise of all due and reasonable care.
This case was before the Supreme Court at a previous term, and
is to be found reported in the 130 *Ga*. 414 (61 S. E. 1).    A com-
plete statement of the facts, as alleged in the petition, is there to
be found.    In the decision in that case it was held that the court
below erred in dismissing plaintiff's case upon demurrer.    The
cause, having been remanded, again came on for trial, and resulted
in a nonsuit, and the plaintiff excepted.    It is unnecessary to re-
state, in full, the allegations of the petition here, as they may be
seen upon reference to the report of the case in the 130 *Ga*.

After a careful examination of the evidence in this record, we
are of the opinion that the court below did not err in granting the
judgment of nonsuit.    The evidence for the plaintiff failed com-
pletely to establish the essential allegations of the petition; and,
beyond the proof of circumstances from which the jury might
have inferred that the deceased met his death by being struck by
the engine or cars of the defendant company, there is no proof to
support the material allegations of the petition.    The petition al-
leges that the deceased stood on a public crossing, which was blocked
by one of the defendant's trains, but the evidence shows that when
struck the deceased was about opposite the depot, 75 or 100 feet
from the crossing.    There is no evidence that the crossing was a pub-
lic-road crossing.    One witness referred to it as a "dirt-road cross-
ing," and said, "It is open to the public."    Another witness for

the plaintiff testified, "It is a regular railroad crossing like most stations have," but the witness last referred to also testified, "I do not mean to say that this is a public road, laid out and maintained by the county authorities. I mean that it is used by the public." In the petition it is alleged that while the deceased was standing on the · crossing a freight-train approached at the "rapid rate of speed of about 20 miles per hour, and proceeded along said side-track in the direction of said crossing, without reducing its speed and without blowing any whistle or ringing any bell or checking speed or otherwise complying with the requirements of the laws of Georgia relative to the duties imposed in approaching a public crossing." A witness for the plaintiff testified that the through freight was moving at an "ordinary rate of speed about seven or eight miles per hour." In the declaration the petitioner accounts for the presence of his son in the perilous position between the local freight-train which is alleged to have been on the main line and the incoming through freight-train passing over the switch, by alleging that his son did not know of the approach of the through freight until "same was upon them and they were caught in the narrow space·between the two tracks on which the moving trains were passing." No facts or circumstances are proved to support this allegation. It does not appear from the petition that any member of the crew of either the local freight or the through freight actually knew of the presence of the deceased. It is not proved, nor is it alleged, as in the case of *Crawford* v. *Southern Ry. Co.*, 106 *Ga.* 872 (33 S. E. 826), that on account of circumstances there was reason to apprehend the presence of any one at the place where the deceased was at the time he met his death. There is no evidence whatever that the locality at which the plaintiff's son was killed was populous or in a place where the employees in charge of defendant's train were bound to anticipate the presence of any one upon or between its tracks. It is not shown by the evidence that the public or any portion thereof was accustomed to use the place on the track near the depot where the evidence shows the boy was struck. There was nothing to show why the deceased was at that place, nor that he had any right to be there. Under the facts of this case, as developed by the evidence, mere proof that the deceased was killed by defendant's train did not raise a presumption of negligence against the defendant.

In other respects than those mentioned there was a variance between the allegations and the proof; but the defects in the case as made by the evidence, and pointed out above, show that the plaintiff was not entitled to recover, and that the grant of a nonsuit was proper. *Judgment affirmed. All the Justices concur.*