## 2553.   CUNNINGHAM v. STROM.

HILL, C. J.   This case is here on a direct bill of exceptions in which the only valid assignment of error is that the finding of the court, without the intervention of a jury, is without any evidence to support it.   No proper brief of the written and oral evidence is in the bill of exceptions or made a part of the record.   What purports to be a brief is all the evidence in extenso, both material and immaterial, and also all the testimony which the court excluded from evidence; and as the only questions made depend upon a consideration of the evidence, the judgment of the lower court must be affirmed.   Civil Code, §§ 5528, 5529; *Albany & Northern Ry. Co.* v. *Wheeler,* 6 *Ga. App.* 270 (64 S. E. 1114); *Huntley Mfg. Co.* v. *Nixon Grocery Co.,* 6 *Ga. App.* 46 (64 S. E. 79), and cases cited.        *Judgment affirmed.*

DECIDED JULY 19, 1910.

Distraint; from city court of Cordele—Judge Strozier. December 22, 1909.

*Max E. Land, Shipp & Sheppard,* for plaintiff in error.
*Walter F. Hall,* contra.

---

## 2568.   BARBER v. HUNTER, BEN & COMPANY.

HILL, C. J.   The bill of exceptions was certified by the judge on February 1, 1910, and service was acknowledged February 14, 1910, in the following language: "Due and legal service of the within bill of exceptions acknowledged; copy and all other and further notice and service waived." There was no other service of the bill of exceptions, and no other waiver of service.   *Held,* that the writ of error must be dismissed, because not served upon the defendant in error within ten days after the bill of exceptions was signed and certified as required by the Civil Code of 1895, § 5547.   *Myers* v. *Hamil,* 130 *Ga.* 607 (61 S. E. 403).

*Writ of error dismissed.*

DECIDED JULY 19, 1910.

*L. L. Thomas,* for plaintiff in error.