### 5647.  MEWBORN *v.* WEITZER.

1. The Supreme Court has upheld the constitutionality of the act approved August 20, 1913, creating the municipal court of Atlanta, and the appellate division thereof.
2. A question of law which was neither raised nor passed upon in the lower court can not be considered by a reviewing court.
3. The amendment correcting the date of the court's order was proper.
4. Where there is no proper brief of evidence, and apparently no bona fide effort to prepare one, this court will not consider assignments of error which are dependent upon a consideration of the evidence.

                    DECIDED FEBRUARY 3, 1915.

Trover; from municipal court of Atlanta.  March 18, 1914.

*John W. Cox,* for plaintiff.  *Hughes Roberts,* for defendant.

BROYLES, J.  Mrs. Mewborn brought a bail-trover action, in the municipal court of Atlanta, against Lizzie Weitzer, to recover a diamond ring.  A judgment was given to the latter by the trial judge, sitting without a jury, and, the plaintiff's motion for a new trial being denied by the trial judge, and by the appellate division of the court, to which she had appealed, she brings error.

1.  In *McWilliams* v. *Smith,* 142 *Ga.* 209 (82 S. E. 569), and in *Cooney* v. *Foote,* 142 *Ga.* 647 (83 S. E. 539), the Supreme Court held that the act creating the municipal court of Atlanta, and the appellate ·division thereof, was constitutional.

2. It is contended by the plaintiff in error that paragraph "b" of section 42 of the act establishing the municipal court of Atlanta is unconstitutional so far as it excludes from the grounds of appeal the two grounds for a new trial stated in that paragraph, because the exception thus made is violative of the rules of uniformity laid down in paragraph 1 of section 9 of article 6 of the constitution. The act amending the constitution for the purpose of establishing courts such as the municipal court of Atlanta, in lieu of justice courts, approved July 30, 1912, and ratified October 2, 1912, expressly provides that "Any court so established shall not be subject to the rules of uniformity laid down in paragraph 1, section 9, article 6 of the constitution of Georgia." And the Supreme Court, in the *McWilliams* case, supra, specifically held that while in that case it was not necessary to decide whether or not the amending act just referred to changed or amended paragraph 1 of section 9 of article 6 of the constitution (Civil Code, § 6527), yet, whether it did or not, "the amendment is the last expression of the sovereign will of the people; and under the ruling in the *Hammond* case . . [*Hammond* v. *Clark,* 136 *Ga.* 313, 71 S. E. 479, 38 L. R. A. (N. S.) 77], the amendment will prevail as an implied modification of the former provision." So it would seem that this ruling is directly contrary to the contention of the plaintiff in error. But it is not necessary for us to pass on this point, for the record shows that the plaintiff's motion for a new trial did not contain either of the grounds forbidden in the act, and hence she can not now raise the point that the benefit of those grounds was denied her in her motion for a new trial. If she had included those grounds in her motion, and if the court had then ordered them stricken, her assignment of error on that ruling would be relevant. As it stands, however, it is irrelevant, and without merit, and will not be considered. See *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814), and *Hardy* v. *Eatonton,* 128 *Ga.* 27 (57 S. E. 99).

3. Through inadvertence, an order signed by the court on March 18, 1914, recited that the judgment was dated February 10, 1914, when in truth and in fact it was dated February 16, 1914. It was not error for the court, but was proper, to pass an order on March 28, 1914, at the same term of court, correcting the former order, so as to make it speak the truth. Civil Code, § 4644 (6).

4. On a motion for a new trial, a proper brief of evidence is as

necessary as the approval of the brief by the trial judge. We regret that no such brief was sent up, for we much prefer to decide a case on its intrinsic merits; but the rule of law requires that "the brief of evidence shall be a condensed and succinct brief of the material portions of the oral testimony, including a similar brief of interrogatories read on the trial. In such brief there shall be included the substance of the material portions of all documentary evidence. Documentary evidence, copied as an exhibit or set out in the pleadings, and introduced in evidence, shall not be set out in the brief except by reference to the same. In all cases in which the testimony has been stenographically reported, the same may be reduced to narrative form, or the stenographic report may be used in whole or in part in making up the brief, with immaterial questions and answers and parts thereof stricken, so as in every case to shorten the brief, and include therein only material evidence." Civil Code, § 6093. See also Civil Code, §§ 6141, 6142, 6143; *Cotton* v. *Cotton,* 136 *Ga.* 138 (70 S. E. 1015); *Albany & Northern R. Co.* v. *Wheeler,* 6 *Ga. App.* 270 (64 S. E. 1114); *Huntley Manufacturing Co.* v. *Nixon Grocery Co.,* 6 *Ga. App.* 46 (64 S. E. 279); *Mayor &c. of Cordele* v. *Williams,* 7 *Ga. App.* 445 (67 S. E. 116); *Cunningham* v. *Strom,* 8 *Ga. App.* 87 (68 S. E. 616). The above provisions of the code were not followed, and apparently there was no attempt to follow them in this case; but instead we have a purported brief of the evidence, consisting of 44 typewritten pages, containing all of the testimony in extenso, and including much immaterial and irrelevant matter. We confess, however, that we have discarded this purported brief of evidence with less reluctance, since a cursory examination of it is sufficient to show that this case is nothing but an unseemly and a disgraceful wrangle between two ladies of "easy virtue" for the possession of a diamond ring, bestowed upon each of them, on different occasions (and no doubt for value (?) received), by their common and generous admirer—a Federal convict. And a curious coincidence is that this ring (as described in the record) has upon it "the figures of two women." It is not disclosed whether or not these figures are nude, but considering their environment, we do not imagine that their charms are concealed by excessive drapery. No doubt our gallant convict-lover and his two fair lady-friends agreed in thinking that "beauty when unadorned 's adorned the most." From

having to wade through such another nauseating mess, may the good Lord deliver us.    *Judgment affirmed.*