# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## OCTOBER TERM, 1921.

### BLACKSTOCK *v.* BLACKMAN.

1. On the trial of a claim case the overruling of a motion to dismiss the levy cannot be made a ground of a motion for a new trial, but should be made the subject of direct exception.

2. "There can be no ·legal verdict in favor of the plaintiff in execution ·in a claim case, unless there is introduced in evidence at the trial a valid, unsatisfied execution in favor of the plaintiff in execution against the defendant in execution." *Collins* v. *Hill,* 115 *Ga.* 465 (41 S. E. 678). This principle is applicable where, although what purports to be a fi. fa. is copied in the record, there is no reference to its introduction in evidence, nor to its connection with any paper used in the trial of the case, and where the bill of exceptions does not specify the fi. fa. as a part of the record material to a clear understanding of the errors complained of.

3. We do not rule upon that ground of the motion for a new trial assigning error on the introduction of the record of deeds as secondary evidence, objected to on the ground that there was no sufficient evidence that the notice to produce the originals was made as provided by law. The motion includes numerous questions and answers and colloquies, and is not in proper form; and moreover, before another trial the plaintiff will have an opportunity, if he so desires, to obviate the issue before the trial court.

4. Where error is assigned, as in several grounds of the amended motion, on the admission of testimony consisting of oral and documentary evidence, some of which was admissible, such assignment is without merit and shows no cause for the grant of a new trial.

179

5. This is an ordinary claim case, and the only issue which could have properly been determined is whether or not the property was subject to the fi. fa. It was therefore error to allow the plaintiff in fi. fa. to testify that the nature of the indebtedness on which the judgment was based, and for which the fi. fa. was issued, was borrowed money. Compare *Allen* v. *Middleton*, 99 *Ga.* 758 (27 S. E. 752); *Southern Mining Co.* v. *Brown*, 107 *Ga.* 264 (3) (33 S. E. 73).

No. 2470.   OCTOBER 14, 1921.

Claim.   Before Judge Irwin.   Haralson superior court. January 4, 1921.

*Griffith & Matthews* and *J. S. Edwards*, for plaintiff in error. *H. J. McBride*, contra.

GILBERT, J.   Mrs. W. V. Blackstock filed a claim to a house and lot in the city of Bremen, and in her claim affidavit she stated that the said property had been levied upon by the sheriff under and by virtue of a fi. fa. in favor of R. T. Blackman against W. V. Blackstock. The property was found subject, and Mrs. Blackstock, claimant, made a motion for a new trial, and subsequently amended the same, which was overruled, and she excepted. The evidence in regard to possession of the property at the time of the rendition of the judgment and subsequently was conflicting. The levy is not set out in the record, and it is to be assumed that it contained no recital as to possession. It does not appear from the record that the claimant made any admissions in respect thereto, and the jury might have found either way. The plaintiff's fi. fa. was not introduced in evidence. In the record before us, immediately following the claim affidavit and the entry of filing the same appears what purports to be a copy of a fi. fa. from a judgment rendered by the city court of Atlanta in favor of R. V. Blackman as plaintiff against W. V. Blackstock as defendant, dated the 14th day of May, 1912. The bill of exceptions recites that R. T. Blackman is plaintiff in fi. fa., thus showing a variance between this fi. fa. and the name of the plaintiff in fi. fa. as to the second initial. The motion for new trial contained the general grounds and the following amended grounds: " First: Movant contends that the court committed error on the trial of said case in admitting in evidence the record of a deed purporting to be a deed from H. J. Denham to W. V. Blackstock, purporting to convey the premises in dispute, upon the introduction of the following evidence offered by the plaintiff, laying the

foundation for the introduction of said deed as secondary evidence." Then follow three typewritten pages of questions to and answers of witnesses on direct and cross-examination, and colloquies of counsel in regard to whether notice to produce two deeds had been legally served on the claimant and as to the admissibility of the secondary evidence. The second ground of the amended motion complains that the " court committed error on the trial of said case, as movant contends, in admitting in evidence the following testimony of S. J. Ayers, a witness testifying for the plaintiff in said case," and certain documentary evidence. Then follow about three typewritten pages of questions and answers and colloquies, and a statement of the documentary evidence offered, such evidence tending to show ownership of the premises by defendant in fi. fa. The third ground of the amended motion complains of the refusal of the court to rule out testimony to the effect that the property in question was levied upon, such testimony failing to show definitely that the execution levied was the one which had resulted in the claim. The fourth ground of the amended motion complains that " the court committed error on the trial of said case in overruling the motion of counsel for claimant, made to the court at the conclusion of the evidence offered by the plaintiff, to dismiss the levy of the plaintiff and to dismiss said case." Then follows the ground of said motion to dismiss and argument of counsel in favor of the dismissal, and the further recital, " Whereupon the court did then and there overrule said motion, refused to dismiss said case, allowed the case to go to the jury; which ruling movant insists was error," for the reasons recited; then follow the reasons assigned therefor. The fifth ground of the amended motion complains that the court committed error on the trial of said case in admitting to the jury trying said case the following evidence of R. T. Blackman, the plaintiff: " Q. What was the nature of the indebtedness on which the judgment was based for which this fi. fa. was issued? It was borrowed money." The objection urged at the time was that such evidence was incompetent and immaterial; that the note on which the judgment and execution was rendered was the highest and best evidence; the court ruling, after such objections were made, " I will admit it as circumstances in the case." The last two grounds of the amended motion complain of the admission

as evidence of certain entries in the tax-digest. ·The objection urged against this testimony at the time was that the property set out in the tax-digest is not sufficiently identified as the property set out in the levy, and on the further ground that it shows entirely different property. The court overruled the objection. The issues raised under the evidence in this case are ruled upon in the headnotes, and it is unnecessary to elaborate upon the rulings there made.

*Judgment reversed. All the Justices concur, except Atkinson, J., absent on account of sickness.*