## 30173. JACKSON *v.* TROUP COUNTY.

DECIDED OCTOBER 15, 1943.

*P. T. Hipp,* for plaintiff in error.  *J. R. Terrell Jr.,* contra.

BROYLES, C. J.  On April 22, 1943, Troup County filed a petition for a rule nisi directed to the sheriff of that county, requiring him to show cause why the sum of $515 in his hands should not be paid to the petitioner, alleging that on October 13, 1942, L. L. Meadors, solicitor of the city court of LaGrange, filed in that court a petition against Guy Bonner and a certain described Ford automobile; that on December 10, 1942, the judge entered an order condemning the automobile and directing that it be sold; that pursuant to the order the sheriff sold the automobile for $515, which sum he was holding and had refused to deliver to the petitioner; and that the petitioner claimed said money, less such expenses attached to the condemnation proceedings and sale as are allowed by law. On May 1, 1943, George W. Jackson filed a claim to said

money, alleging that he held a mortgage note against the automobile for $500 principal, together with interest and attorney's fees; that the note was foreclosed for $500 principal, and $50 attorney's fees; that no amount had been paid on the note before or after the foreclosure; that the note was executed on September 15, 1942, which was before the seizure of the car; and was foreclosed on March 13, 1943, which was before the sheriff's sale; that the claimant knew nothing of the car having been used to transport whisky at any time, and especially at the time the mortgage note was made; that said fund is lawfully his, because of his mortgage lien; and that the mortgagor is insolvent, and has moved out of Troup County. On April 23, 1943, the sheriff answered the rule nisi. He admitted having said money, and that on March 23, 1943, the claimant placed with him (the sheriff) the mortgage-note fi. fa., and that he sold the car on April 6, 1943.

On the trial the following documents were offered by the plaintiff, and admitted in evidence: (1) The petition for condemnation, brought against Guy Bonner and the described Ford car, on the ground that Bonner and the car were engaged in illegal transportation of whisky when the car was seized by policemen of Troup County on October 2, 1942; the petition praying for judgment condemning the car for the purpose of sale, and for distribution of the proceeds of the sale as provided by law. (2) The answer filed by Guy Bonner on October 22, 1942, in which he admitted that he was transporting whisky in the car when it was seized by the officers, but alleged that the car was the property of R. M. Patterson, and that Patterson had no knowledge of the illegal transportation of whisky in the car. (3) The intervention filed by R. M. Patterson on December 9, 1942, in which he claimed that the car was his property, and that he did not know that it was being used for transporting whisky. (4) The judgment of the court condemning the car to be sold as prayed for, dated December 10, 1942. (5) The record of the conviction, at the June term, 1936, of the city court of LaGrange, of R. M. Patterson for illegally possessing whisky, Patterson having pleaded guilty. (6) The record of another conviction of Patterson, at the March term, 1940, of said court, for selling whisky. (7) The record of another conviction of Patterson, at the September term, of illegally possessing whisky.

These documents were objected to on the grounds, "that said

documents, each and every one of them, had no connection with the case on trial; that said documents, each and every one of them, were prejudicial to him [George W. Jackson]; and that each and all of the same were immaterial in said case." The above-quoted objections show that the seven documents were objected to en gros; and it is well settled that "where evidence is objected to as a whole, some of which is admissible and some not, it is not error to overrule a motion to exclude the evidence as a whole." *Watters* v. *Wells,* 155 *Ga.* 439 (3-*b*) (117 S. E. 322). In that case the court said: "The evidence was objected to as a whole; and even if any portion of it was objectionable and the other was not, the exception to the admissibility of the evidence as a whole is without merit. *Blackstock* v. *Blackman,* 152 *Ga.* 179 (4) (108 S. E. 775); *Moore* v. *Butler,* 150 *Ga.* 154 (2) (103 S. E. 154)." Certainly the record of the condemnation proceedings was admissible as clarifying the issues before the court in the instant proceeding. The court did not err in admitting the evidence.

The plaintiff introduced in evidence, without objection, five criminal appearance bonds returnable to the city court of LaGrange, dated respectively, October 8, 1942, December 24, 1942, December 24, 1942, December 22, 1942, and December 22, 1942. Three of the bonds were signed by Guy Bonner as principal, and by George W. Jackson as surety. The other two were signed by R. M. Patterson as principal, and by George W. Jackson as surety. The sheriff testified, without objection, that he had the $515 as the proceeds from the sale of the car; that he knew Guy Bonner, R. M. Patterson, and George W. Jackson; that Patterson and Bonner operated a liquor place in Troup County in 1942; that their place was located on property owned by Jackson; that he had seen Jackson there on numerous occasions; and that Bonner and Patterson did nothing but run the liquor place. Other witnesses corroborated the sheriff's testimony. The claimant did not testify; but he introduced documentary evidence which included the original note and mortgage, dated September 15, 1942, from R. M. Patterson to George W. Jackson. It appeared from the note that the automobile in question was given as security for its payment. The note was properly recorded in Troup County on October 16, 1942. The evidence included the affidavit to foreclose the mortgage, in which it was stated that there was due $500 principal, $9.99 interest, and

$50 attorney's fees. The affidavit was executed on March 23, 1943. The evidence included the chattel-mortgage fi. fa., describing said automobile and setting forth the above-stated amounts of principal, interest, and attorney's fees.

The controlling question here is, did the evidence, direct and circumstantial, authorize the judge to find that the claimant knew, at the time that R. M. Patterson executed the mortgage note to him, or at the time that the car was seized by the officers, that the car was being used for illegal transportation of whisky? In our opinion the question must be answered in the affirmative. Knowledge of the owner or lessee of an automobile that whisky was being illegally transported in the car is a question of fact to be determined by the jury; and such knowledge may be shown by circumstantial as well as by direct evidence. *Lang* v. *Hitt, 24 Ga. App.* 714 (2) (102 S. E. 136). The cases cited in behalf of the plaintiff in error are distinguishable by their facts from this case. The plaintiff in error in his brief questions the sufficiency of the allegations of the petition asking for the rule nisi against the sheriff. He complains particularly that the petition failed to name proper parties plaintiff. *The petition was not demurred to or questioned in the trial of the case.* Such questions can be raised only by a special sworn plea, or by a special demurrer. Code, §§ 81-301, 81-303; *Hogan* v. *Morris, 7 Ga. App.* 232 (4) (66 S. E. 550); *Hightower* v. *Mustian, 8 Ga.* 506 (3); *Merritt* v. *Bagwell, 70 Ga.* 578 (3-a); *Evans* v. *Farkas, 163 Ga.* 433 (4) (136 S. E. 279).

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*