## 70218. BAYSHORE COMPANY et al. v. PRUITT.
### (334 SE2d 213)

CARLEY, Judge.

In February of 1983, appellee-plaintiff was a tenant in a second-story apartment located in a large complex which was either owned or managed by the appellant-defendants. Early in the morning hours, an intruder was able to reach appellee's balcony by first stepping onto an air conditioner unit on the ground and then using a gutter drain. A subsequent police investigation revealed that the intruder, after reaching the balcony, apparently tried to enter the apartment next to appellee's. However, the sliding glass door to that apartment was equipped with a security device commonly called a "charley bar" and the intruder could not gain entry. Appellee's sliding glass door was not equipped with a charley bar and the intruder was able to pry the door open and enter appellee's apartment. Appellee was attacked by the intruder, who was subsequently apprehended and pled guilty to the charges that were brought against him.

Appellee filed the instant personal injury action, alleging appellants' negligence in failing to provide a secured sliding glass door to her apartment. Appellants answered and subsequently moved for summary judgment, asserting that the intervening criminal act of the intruder insulated them from liability to appellee. In opposition to appellants' motion, appellee proffered evidence of some 17 other criminal incidents that had occurred in the apartment complex during the three years prior to the attack upon her. Appellants moved to strike all evidence of these 17 other incidents, contending that they were not sufficiently similar to the crime against appellee and should not be considered in connection with the motion for summary judgment. The trial court denied appellants' motion to strike appellee's evidence of the previous crimes and then denied their motion for summary judgment. Both orders were, however, certified for immediate review. Appellants' petition to this court for interlocutory appeal was granted and the instant appeal results.

1. " 'Knowledge by the owner or "occupier" or his employee of the dangerous condition created by a third person is a prerequisite to recovery under [OCGA § 51-3-1 (Code Ann. § 105-401)]. [Cits.]' [Cit.] . . . . 'Where evidence of a prior similar accident tends to show condition and knowledge of that condition, the evidence is admissible. [Cits.] All that is required is that the prior accident be *sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated accident.* [Cit.]' [Cit.]" (Emphasis in original.) *McCoy v. Gay*, 165 Ga. App. 590, 591-592 (302 SE2d 130) (1983).

The alleged specific dangerous condition in the instant case is a sliding glass door without sufficient security devices to deter criminal entry. Accordingly, the predicate for appellants' liability for this spe-

cific dangerous condition is their superior knowledge thereof. Considering the posture of the instant case, we need not engage in an esoteric discussion of exactly how much similarity must exist between a prior and subsequent incident in order for the former to qualify as admissible evidence of a landowner's prior knowledge in a suit based upon the latter. However, it is clear that at least some of the 17 prior incidents proffered by appellee apparently involved forced entry through a sliding glass door. In our opinion, this is clearly sufficient similarity to the incident involving appellee to warrant consideration of those prior instances as evidence of appellants' knowledge of the specific dangerous condition alleged in the instant case. Admissibility of these incidents is not precluded solely because they all occurred on ground level apartments and/or involved crimes against property. " '[I]n order for a party to be held liable for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient if in ordinary prudence he *might* have foreseen some injury would result from his act or omission and that consequences of a generally injurious nature might result' . . . . [Cits.]" (Emphasis in original.) *Hosp. Auth. of Hall County v. Adams*, 110 Ga. App. 848, 850 (4) (140 SE2d 139) (1964).

2. Appellants filed no motion in limine in anticipation of trial. They enumerate as error only the denials of their motion for summary judgment and of their general motion to strike made in connection therewith. For purposes of resolving the issues raised by these enumerations, we need only determine whether any portion of appellee's evidence showed that a genuine issue of material fact remained for jury resolution. We have found that at least several of the prior incidents of criminal activity were clearly admissible and probative evidence of appellants' prior knowledge. It necessarily follows that the trial court did not err in denying either the general motion to strike or the motion for summary judgment and we so hold without further discussion of the issue of the admissibility of the remaining incidents. Since the trial court's order merely denied appellants' general motion to strike without distinguishing between or among the 17 incidents at issue, this court will simply affirm that order in its entirety because it is clear that not *every* one of the 17 incidents was inadmissible. "[I]t is well settled that 'where evidence is objected to as a whole, some of which is admissible and some not, it is not error to overrule a motion to exclude the evidence as a whole.' [Cit.] . . . 'The evidence was objected to as a whole; and even if any portion of it was objectionable and the other was not, the exception to the admissibility of the evidence as a whole is without merit. [Cits.]' " *Jackson v. Troup County*, 70 Ga. App. 58, 60 (27 SE2d 343) (1943). All specific final rulings as to whether each individual instance of prior criminal activity will be admissible at the trial of this case should be deferred until that time.

See *Gunthorpe v. Daniels*, 150 Ga. App. 113, 114 (257 SE2d 199) (1979).

*Judgments affirmed. Banke, C. J., McMurray, P. J., Birdsong, P. J., and Benham, J., concur. Pope and Beasley, JJ., concur specially. Sognier, J., concurs in the judgment only. Deen, P. J., dissents.*

Pope, Judge, concurring specially.

I concur in the majority's affirmance of the judgment of the trial court denying appellants' motion to strike and motion for summary judgment. Nevertheless, like the dissent, I believe we must address the merits of the trial court's evidentiary ruling regarding the seventeen prior criminal incidents. Appellants summarized to the trial court the nature of this evidence and argued that all of it was inadmissible as irrelevant and that the court should exclude it from the body of pleadings and papers filed in the case when it determined whether appellant was entitled to summary judgment. The trial court rejected this argument and, for the reasons set forth below, properly so. Thus, this is not a matter that can be deferred because appellants wanted the evidence excluded *now*, for purposes of summary judgment. It was not a motion in limine in anticipation of trial. Neither the trial court nor we are ruling on that advanced aspect of the case. We simply have to decide whether the court was correct in taking all this evidence into account in denying summary judgment to appellants.

This case involves an application of the "prior similar incidents" rule. The prior similar incidents in this case are seventeen crimes involving unauthorized entries into apartments in the subject apartment complex during the three years immediately preceding the crime committed upon appellee. Of these seventeen crimes, the dissent would admit evidence of only two — those in which the entries were made through the sliding glass door. I believe this holding is a too narrow application of the prior similar incidents rule.

The particular issue here is whether appellants had reasonable grounds for apprehending that a crime such as the one in this case would be committed. See *Warner v. Arnold*, 133 Ga. App. 174 (2) (210 SE2d 350) (1974). That is, this case turns on whether the criminal actions of an unknown assailant were or should have been foreseeable to appellants. " 'The test is what is reasonable in all the circumstances.' " *Warner v. Arnold*, supra at 178. "[L]iability does not depend upon anticipating the particular injury or that a particular person would be injured. [Cits.] It is enough that by ordinary prudence [appellants] could have foreseen that some injury or injurious consequence might have been anticipated from the [alleged negligent] act. [Cits.]" *Cain v. Vontz*, 703 F2d 1279, 1283 (11th Cir. 1983).

"Where evidence of a prior similar [incident] tends to show condition and knowledge of that condition, the evidence is admissible. [Cits.] All that is required is that the prior [incident] be sufficient to attract the owner's attention to the dangerous condition which resulted in the litigated [incident]. [Cit.]" *Pembrook Mgt. v. Cossaboon*, 157 Ga. App. 675, 677 (278 SE2d 100) (1981). In my view, evidence of all seventeen prior crimes in this case is admissible, not to show negligence on the part of appellants, but to show that appellants had knowledge of a dangerous situation, viz, unauthorized entries into apartments in the complex over a long period of time. That some of these unauthorized entries occurred on the first floor rather than on the second floor (where appellee's apartment was located) or that some entries were made through windows or through the front door rather than through the sliding glass door are circumstances affecting the weight of this evidence, not its admissibility. Accord *Shadowood Assoc. v. Kirk*, 170 Ga. App. 209 (2) (316 SE2d 487) (1984); *Trentacost v. Brussel*, 412 A2d 436, 439-41 (N.J. 1980); *Kline v. 1500 Mass. Ave. Apt. Corp.*, 439 F2d 477, 480-85 (D.C. Cir. 1970). See also *Isaacs v. Huntington Memorial Hosp.*, 695 P2d 653 (Cal. 1985); *Ramsay v. Morrissette,* 252 A2d 509 (U.S. App. D.C. 1969).

I am authorized to state that Judge Beasley joins in this special concurrence.

DEEN, Presiding Judge, dissenting in part.

1. The majority opinion concludes that this court need not "engage in an esoteric discussion of exactly how much similarity must exist between a prior and subsequent incident in order for the former to qualify as admissible evidence of a landowner's prior knowledge in a suit based upon the latter." That conclusion frankly baffles this writer.

In this case, the appellants moved for summary judgment, relying primarily upon the intervening criminal act doctrine, and the appellee opposed that motion with her tender of evidence of 17 prior criminal incidents that had occurred in the same apartment complex over approximately three years up to the appellee's rape. The appellants moved to strike each and every one of those prior incidents on the basis that they did not satisfy the substantial similarity requirement. See *McCoy v. Gay*, 165 Ga. App. 590 (302 SE2d 130) (1983). The trial court, however, denied that motion and considered all of the evidence of prior crimes in making its decision on the appellants' motion for summary judgment.

It seems rudimentary that where (a) a party objects to the admissibility of certain evidence before the trial court on a summary judgment motion, (b) the trial court considers that evidence but grants a certificate of immediate review so that appellate review may be had

on its ruling, and (c) this court grants the application for interlocutory appeal precisely for the purpose of reviewing that evidentiary ruling (as well as the denial of summary judgment), then this court should consider that issue. If the evidence is inadmissible, it is just as inadmissible at the summary judgment level as it would be at trial. The majority opinion correctly cites *Jackson v. Troup County*, 70 Ga. App. 58 (27 SE2d 343) (1943) for the proposition that where evidence is objected to as a whole, and some of it is admissible and some of it is not, it is not error to overrule a motion to exclude the evidence as a whole. However, that is not the situation in this case at all. Both litigants here meticulously, even arduously, delineated each prior crime, drawing similarities and dissimilarities. Certainly the appellants objected to all of the prior crimes, but they attacked (and the appellee supported) each piece of evidence individually. It is difficult to conceive of a more suitable and specific approach. The majority opinion in effect establishes a requirement of filing separate motions to strike for each prior incident. Surely that defies any sensible notion of judicial economy and procedure.

After this case has been "in the belly of" this court for over six months,[1] we regurgitate it, providing absolutely no guidance or clarification for the litigants and the court below. "[T]he bottom is knocked out of the case. It is a tub with only staves and hoops, and will hold nothing." *Scroggins v. State*, 55 Ga. 380, 382 (1875) (J. Bleckley). In declining to review the evidentiary ruling, this court has unabashedly abdicated its responsibility to the bench and bar below. The majority's concoction could be argued as proof that this court, while shying away from esoteric discussions, boldly participates in short-sighted appellate court "punt, pass, and kick" competitions.

2. While agreeing that the trial court properly denied summary judgment for the appellants, this writer is equally convinced that the trial court erred in considering all of the tendered evidence of crimes that were committed at the apartment complex over the 3-year period prior to the appellee's horrible attack. Evidence of prior crimes may be admitted to show the landlord's awareness of the dangerous condition only if the other crimes are substantially similar to the actual criminal act which precipitated the litigation in this case. *McCoy v. Gay*, supra at 592.

Since the appellee's complaint primarily concerned the lack of a security device on the sliding glass door to prevent a forced entry, the most important point of comparison between the various prior crimes and that of the appellee's rape was the place and mode of entry. Only three of the prior crimes identified the sliding glass door as the point

---

[1] *Wilkinson & Wilson v. Chew*, 54 Ga. 603 (1875).

of entry, and only two of those specifically involved a forced entry. Most of the other prior crimes involved burglaries with entry through the front door or a window. One even involved burrowing through the ceiling of an apartment. Under *McCoy v. Gay*, supra, only the evidence of the two prior crimes involving forced entry through the sliding glass door would be admissible, and the trial court erred in not excluding the others.

The appellants also contend that even these two prior crimes involving forced entry through a sliding door are not substantially similar to the instant case because they occurred in ground level apartments rather than in a second floor apartment. However, while these two prior crimes certainly do not address the foreseeability of gaining access to the balcony of the appellee's second floor apartment (and while a determination that such access was reasonably foreseeable is necessary for the appellee to recover), they still are relevant to show the appellants' awareness of the insecurity of the sliding glass doors. (This awareness, of course, was also demonstrated by the fact that the appellants had installed charley bars on the sliding glass doors of all ground level apartments.)

The primary basis for summary judgment asserted by the appellants was that this particular criminal act, whereby the rapist gained access to the balcony, which was 9 to 10 feet above the ground, by standing upon an air conditioning unit and then using a gutter drain to climb up the brick wall, was extraordinary and not reasonably foreseeable. The evidence of record, however, precludes a finding as a matter of law that gaining access to the balcony of the appellee's apartment was unforeseeable. Photographs of the scene and testimony reveal that immediately below the balcony was an air conditioning unit, standing upon which an adult could reach or could almost reach the balcony. The appellants' emphatic denial of any foreseeable need of installing charley bars on the sliding glass doors of second (and even third) level apartments was somewhat contradicted by their willingness and policy to equip those doors with such security devices upon the request of the tenant, and the fact that charley bars had actually been installed on the sliding glass doors of some upper level apartments. Under these circumstances, the question of reasonable foreseeability was most appropriate for jury resolution. *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975).

3. In summary, as discussed above, the trial court correctly denied summary judgment for the appellants. However, this writer vehemently disagrees with the majority's conclusion that this court need not review the trial court's evidentiary ruling on the admissibility of the evidence of prior crimes tendered by the appellee in opposition to the appellants' motion for summary judgment. It requires no prophet to anticipate the reappearance of this case before this court after it

proceeds to trial. Let this court then not be heard vainly dispairing over any unanswered prayer that "[f]rom having to wade through such another nauseating mess, may the good Lord deliver us." *Mewborn v. Weitzer*, 15 Ga. App. 668, 670-671 (84 SE 141) (1914).

I respectfully dissent.

DECIDED JULY 16, 1985 —
REHEARING DENIED JULY 31, 1985 —

*Charles M. Goetz, Jr., George M. Geeslin*, for appellants.
*Guy J. Notte*, for appellee.