### 76725. THOMAS et al. v. SHAPIRO.
(375 SE2d 282)

BENHAM, Judge.

Appellants were tenants in an apartment complex owned by appellee. When appellee filed a dispossessory action against them, they counterclaimed for injuries suffered by Mr. Thomas in a fall on the stairs leading to their apartment. In this appeal from the grant of summary judgment to appellee on both claims, appellants contend that appellee did not prove that he lacked actual or constructive knowledge of the defect in the stairs and that they are entitled to set-off against the rent they owe the amount of their damages from the fall.

1. A party seeking summary judgment has the burden of negating at least one of the essential elements of the opposing party's case.

*Progressive Ins. Co. v. Kelly*, 181 Ga. App. 181 (351 SE2d 544) (1986). In appellee's motion for summary judgment with regard to appellants' counterclaim, he chose as the sole ground of attack the element of his knowledge of the alleged defect in the stairs which Mr. Thomas contended was the cause of his fall and injuries. See *Professional Bldg. v. Reagen*, 129 Ga. App. 183, 184 (199 SE2d 266) (1973). Appellants contended in their counterclaim that the immediate cause of Mr. Thomas's fall was that one step in the stairs came loose from its support. While there is no question that appellee did not have actual knowledge of the defect in the stairs, the record contains evidence that appellee's agents were aware of a continuing problem with the stairs in appellee's apartment complex. The person employed by appellee to perform maintenance at the complex testified that the outdoor stairs, which were the same at all the apartment buildings in the complex, were made of wood, and that seasonal temperature changes and cycles of wetting and drying by rain and sun would cause the nails to back out of the wood over a period of six months or so. He also testified that he inspected the stairs at regular intervals, but admitted that he could not be sure that the particular stairs on which Mr. Thomas fell had been inspected during the month preceding Mr. Thomas's fall, and that he did not always inspect both approaches to every set of stairs. Additional evidence that appellee was aware of the problem was the testimony of the resident manager that another tenant was injured in a similar fall some months prior to Mr. Thomas's fall, and the testimony of the maintenance man that he had found another stair loose and that someone had knocked it all the way down before he could return to repair it. See *Bayshore Co. v. Pruitt*, 175 Ga. App. 679 (1) (334 SE2d 213) (1985). Under those circumstances, we cannot agree with appellee and the trial court that appellee showed such a lack of constructive knowledge of the defective maintenance of the stairs that he was entitled to judgment as a matter of law. Accordingly, the grant of summary judgment to appellee on appellant's counterclaim must be reversed.

2. Appellants' attempt to use a tort claim as a set-off to a contract claim is foreclosed by *Gillespie v. Georgian Fin. &c. Corp.*, 113 Ga. App. 134 (147 SE2d 465) (1966): " 'Generally a cause of action ex delicto cannot be set off against an action ex contractu, and vice versa. [Cits.] The only exception to this rule is where equitable principles such as insolvency or nonresidence of the plaintiff are involved. [Cits.]' " This case not coming within the exception stated, the grant of summary judgment to appellee on his original claim was correct.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 3, 1988 —
REHEARING DENIED NOVEMBER 15, 1988.

Gibson & Jackson, Douglas L. Gibson, for appellants.
Dennis J. Strickland, Sr., Bryant H. Bower, Jr., Daniell S. Landers, for appellee.