A01A0468. JOHNSTON v. CONASAUGA RADIOLOGY, P.C.
(549 SE2d 778)

RUFFIN, Judge.

Roy D. Johnston, M.D. is a shareholder and former employee of Conasauga Radiology, P.C. ("Conasauga"). After Johnston's employment with Conasauga ended, he sued the company, alleging that it was required to purchase his stock under a mandatory buy-sell agreement. Conasauga answered, denying Johnston's claim, and also counterclaimed, alleging, inter alia, that Johnston owed the company $25,000. Conasauga moved for partial summary judgment on its $25,000 counterclaim, and Johnston moved to strike the motion on the ground that Conasauga failed to comply with Uniform Superior Court Rule ("USCR") 6.5. The trial court denied Johnston's motion to strike and granted Conasauga's motion for partial summary judgment. Johnston appeals these rulings, and for reasons that follow, we affirm.

The record reveals that after Johnston left Conasauga, he immediately moved on to other employment. According to Johnston, for accounting purposes, he arranged with Conasauga to funnel his pay from his other employers through Conasauga, and in return Conasauga issued him paychecks. During July 1998, Johnston received $25,000 from his other employers, but he did not remit that money, as agreed, to Conasauga. Conasauga nevertheless paid Johnston $6,000 for the first half of July. In his deposition, Johnston acknowledged that he still owed Conasauga $25,000, but offered the following explanation for his failure to remit the money:

> I was unable to get an accounting of what the accounts receivable are and the expenses and everything and then I did not get my last paycheck from Conasauga for the end of July. And so, I just thought that — you know, I kept calling and kept calling for numbers to see what the numbers were. I never got them. So, that was my insurance policy until I found some numbers.

When Conasauga's counsel asked, "[s]o, you will agree that you owe Conasauga $25,000 for that money that you received in July[,]" Johnston responded, "[a]nd Conasauga owes me my last paycheck."

In Count 2 of Conasauga's counterclaim, it alleged that the $25,000 "was earned while [Johnston] was an employee of [Conasauga] and he has failed and refused to turn it over to [Conasauga]." On September 9, 1999, Conasauga filed a two-page motion for partial summary judgment on this claim. In the motion, Conasauga summarily stated, "there is no issue of fact to be heard by the trier of fact as to [Conasauga] being entitled to the sum of [$25,000] as is alleged in

Count II of [Conasauga's] Counter-Claim." In support of this argument, Conasauga generally cited to "(1) the pleadings on file with this case; (2) the deposition of Dr. Roy Johnston; [and] (3) affidavist [sic] from Dr. John Church." Church, who was the only other shareholder in Conasauga, stated in his affidavit that Conasauga was obligated to pay Johnston $6,000 for the second half of July 1998, but did not pay Johnston because he "failed to tender the check for [$25,000]." Although USCR 6.5 required Conasauga to annex to its motion "a separate, short and concise statement of each theory of recovery and of each of the material facts as to which the moving party contends there is no genuine issue to be tried," Conasauga failed to comply with the rule.

On October 11, 1999, Johnston filed his response opposing the motion. Johnston asserted, as he did in his deposition, that he "received [$25,000] in payment for services he performed for a third party during the month of July, 1997 [sic], . . . while [Conasauga] has yet to pay [him] his final paycheck, in the approximate amount of $6,000.00; the same having been due on July 30 or July 31." Thus, Johnston argued, because Conasauga was also required to purchase his stock in the company, he "may be entitled to part or all of said [$25,000] in recoupment or setoff."

Johnston also moved to strike Conasauga's motion for failure to comply with USCR 6.5. Johnston argued that due to the rule violation, he had "no reasonable means of ascertaining the grounds for Defendant's Motion for Partial Summary Judgment."

On May 23, 2000, Conasauga filed a two-page brief in support of its earlier filed motion for partial summary judgment. In the brief, Conasauga merely pointed to Church's affidavit, which acknowledged that Conasauga owed Johnston $6,000, and quoted Johnston's deposition testimony, in which he acknowledged that he owed Conasauga $25,000.

On June 12, 2000, the trial court issued an order denying Johnston's motion to strike and granting Conasauga's motion for partial summary judgment. In denying the motion to strike, the court reasoned that Conasauga's violation of USCR 6.5 "resulted in no confusion or disadvantage to [Johnston] in defending said motion." In granting Conasauga partial summary judgment, the court found that because Johnston "unequivocally admitted in his . . . deposition that he currently possesses . . . [$25,000] rightfully belonging to [Conasauga], there remains no issue of material fact on the question of [Johnston's] indebtedness to [Conasauga] in this amount."

1. Johnston asserts that the trial court erred in refusing to grant his motion to strike Conasauga's motion for partial summary judgment on the ground that Conasauga violated USCR 6.5. We are aware of no authority, however, and Johnston has cited none, that

requires a trial court to strike a motion for summary judgment on the sole ground that the movant violated USCR 6.5. Instead, a trial court is vested with discretion in ruling on such motion.[1] In exercising this discretion, a trial court may consider, as the trial court did here, whether the violation resulted in any "confusion or disadvantage to [the respondent] in defending the motion."[2]

In this case, the record supports the trial court's finding that Johnston was not confused or disadvantaged by Conasauga's violation of USCR 6.5. Conasauga identified the basis of its claim in the counterclaim filed with the court, and although Conasauga only referred to the counterclaim in its motion, it is clear that Johnston was aware of the precise nature of the claim. This is evidenced by Johnston's extensive testimony about the $25,000 debt in his deposition and his claim that he was entitled to a set-off or recoupment. Likewise, Johnston's response to Conasauga's motion belies his argument that he was unable to ascertain the grounds for the motion. Both the statement of facts and argument contained in his response establish that Johnston was intimately familiar with the basis for Conasauga's motion. Thus, the trial court did not abuse its discretion in finding that Johnston was not confused or disadvantaged by the rule violation, and we affirm the denial of his motion to strike.[3]

2. Summary judgment is appropriate, where the evidence of record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4] On appeal, we review a trial court's grant of summary judgment de novo.[5]

Interestingly, there does not appear to be any dispute about the facts in this case. Instead, there seems to be some confusion about the effect of the trial court's order. Indeed, in the court below both parties presented almost identical facts to support substantially the same argument: Johnston admitted that he failed to remit the $25,000 to Conasauga because Conasauga did not tender his last paycheck, and Conasauga acknowledged that it did not remit Johnston's last paycheck because he did not pay the $25,000. Thus, because there is no genuine issue of material fact as to Johnston's failure to remit the $25,000, the trial court did not err in granting Conasauga partial summary judgment on the issue.[6]

We are compelled to note, however, that this ruling does not pre-

---

[1] See *Edwards v. Atlantic Ins. Co.*, 203 Ga. App. 608, 609-610 (2) (417 SE2d 410) (1992).

[2] (Punctuation omitted.) *Balke v. Red Roof College Park Co.*, 190 Ga. App. 779, 781 (3) (380 SE2d 61) (1989).

[3] See id.

[4] OCGA § 9-11-56 (c).

[5] See *Moore v. ECI Mgmt.*, 246 Ga. App. 601 (542 SE2d 115) (2000).

[6] OCGA § 9-11-56 (c).

clude Johnston from establishing that he is entitled to a reduction in the amount of this judgment. Indeed, the trial court's judgment merely establishes that there is no genuine issue of material fact as to *one of several claims* that the parties have asserted in this action. Johnston's claim for his last paycheck, which is allegedly due under the same agreement that gave rise to Conasauga's counterclaim, is in the nature of a claim for recoupment.[7] A claim for recoupment is "not a defense to the liability that is being asserted in the main action[, but] seeks affirmative relief . . . and, therefore is, in effect, a 'counterclaim.' "[8]

Under the Civil Practice Act,

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is *subject to revision at any time* before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.[9]

Because the trial court did not certify its ruling as final, it is subject to revision at any time. Furthermore, because the judgment is not final, it cannot be enforced.[10]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 1, 2001.

*McCamy, Phillips, Tuggle & Fordham, James H. Phillips, David*

---

[7] See OCGA § 13-7-2; *Kuhlke Constr. Co. v. Mobley, Inc.*, 159 Ga. App. 777, 781 (4) (285 SE2d 236) (1981).

[8] *T.V. Tempo, Inc. v. T.V. Venture, Inc.*, 182 Ga. App. 198, 201 (1) (355 SE2d 76) (1987).

[9] (Emphasis supplied.) OCGA § 9-11-54 (b).

[10] See *MARTA v. Federick*, 187 Ga. App. 696, 698 (1) (371 SE2d 204) (1988). Though not supported by the record, Johnston asserts in this brief that Conasauga has filed a writ of fieri facias for the judgment amount. Conasauga implies in its brief that it is entitled to immediate satisfaction of its judgment.

*L. Host*, for appellant.

*McDonald, Kinnamon & Thames, E. Crawford McDonald*, for appellee.