## A02A2375. LONG et al. v. REEVES SOUTHEASTERN CORPORATION.
### (576 SE2d 641)

JOHNSON, Presiding Judge.

Reeves Southeastern Corporation sued John Long to collect a debt. The trial court granted summary judgment to Reeves Southeastern. Long appeals, and we affirm.

Long is the sole proprietor of a fence building business. Reeves Southeastern supplied materials to Long's business. In September 1995, Long submitted a credit application to Reeves Southeastern, and he guaranteed payment of any future indebtedness. On January 19, 2001, Reeves Southeastern sued Long for $17,218.96 in unpaid

---

[11] *Smith v. State*, 154 Ga. App. 608, 609 (269 SE2d 100) (1980).

invoices for materials delivered between June 2000 and October 2000. The record shows, and there is no dispute, that Long received these materials but did not pay for them.

Long deposed that in May 2000 an employee of Reeves Southeastern dropped a delivery of steel pipe on his foot and crushed it. Long contends that Reeves Southeastern breached its contractual duty to use a reasonable degree of care and skill in delivering the pipe, that under the principle of recoupment he is entitled to a reduction in Reeves Southeastern's damages for this breach of duty, and that material issues of fact are in dispute as to the matter of recoupment which preclude summary judgment on Reeves Southeastern's claim. We disagree because Long may not claim recoupment in this case.

Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages because the plaintiff has not complied with the cross-obligations or independent covenants arising under the contract upon which suit is brought.[1] Recoupment may be pleaded in all contract actions where the plaintiff is liable to the defendant under the same contract.[2]

Long has presented what is best characterized as a negligence claim for personal injury against Reeves Southeastern. Barring equitable considerations, a negligence claim cannot be asserted as a defense against a breach of contract claim.[3] Long nevertheless maintains that there is an implied duty to exercise a reasonable degree of care in the performance of a contract[4] and that Reeves Southeastern breached this duty when it delivered the materials. Long refers us to authority showing that recoupment may be proper where, in a suit by a builder or architect for payment under a building or design contract, the defendant has alleged losses stemming from a builder's or architect's failure to use proper care and skill in the performance of the contract.[5] In these cases, the defendant's claim for recoupment challenges the plaintiff's professional duty as a builder or architect to properly perform the contract. Here, delivery of the materials, at least apart from issues of timeliness and the condition of goods on delivery, is merely incidental to the purchase and sale arrangement forming the basis for Reeves Southeastern's claim. We conclude that Long's obligation to pay for materials delivered to him between June

---

[1] OCGA § 13-7-2.

[2] OCGA § 13-7-13.

[3] *Thomas v. Shapiro,* 189 Ga. App. 268, 269 (2) (375 SE2d 282) (1988).

[4] *Mitchell v. Jones,* 247 Ga. App. 113, 115 (1) (541 SE2d 103) (2000); *Hall v. Harris,* 239 Ga. App. 812, 817 (4) (521 SE2d 638) (1999).

[5] See *Housing Auth. &c. of Carrollton v. Ayers,* 211 Ga. 728, 733-734 (6) (88 SE2d 368) (1955); *Burton v. Campbell Coal Co.,* 95 Ga. App. 338, 339 (97 SE2d 924) (1957).

2000 and October 2000 is not subject to recoupment by Long's claim that he was physically injured during a delivery in May 2000.

> While damages resulting from the plaintiff's breach of a contract sued on may be set off by plea of recoupment, still this right of set-off is not broad enough to include damages alleged to have arisen from the plaintiff's wrongful act in connection with a transaction legally distinct from the contract sued on, even though closely connected with it in point of time.[6]

Long further contends that in certain actions on a contract by a nonresident we have allowed the resident defendant to assert a negligence claim in defense under the court's equity jurisdiction.[7] The reason for the assertion of equity jurisdiction is the hardship presented to the resident defendant of going to a foreign jurisdiction to satisfy its claim against the nonresident plaintiff.[8] But Long has only claimed that Reeves Southeastern is a foreign corporation and has not otherwise shown that he would be unable to pursue his personal injury claim in Georgia.[9]

In sum, Long's recoupment claim is not a viable defense to Reeves Southeastern's breach of contract action against Long.[10] There are no outstanding issues of material fact with regard to Reeves Southeastern's claim for payment of supplies delivered to Long. Accordingly, Reeves Southeastern is entitled to summary judgment.[11]

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 17, 2003.

*Edward E. Boshears,* for appellants.
*Whelchel, Brown, Readdick & Bumgartner, Bradley J. Watkins,* for appellee.

---

[6] (Punctuation omitted.) *Aetna Ins. Co. v. Lunsford,* 179 Ga. 716, 721 (177 SE 727) (1934).

[7] See *Atlanta Paper Co. v. New York, New Haven &c. R. Co.,* 211 Ga. 185 (1) (84 SE2d 359) (1954).

[8] *Gordy Tire Co. v. Dayton Rubber Co.,* 216 Ga. 83, 86 (1) (114 SE2d 529) (1960).

[9] See id. at 87.

[10] See, e.g., *Johnston v. Conasauga Radiology,* 249 Ga. App. 791, 793-794 (549 SE2d 778) (2001). In *Johnston,* we affirmed partial summary judgment on a counterclaim which remained subject to reduction pending final judgment by reason of a claim which we characterized as a recoupment.

[11] See OCGA § 9-11-56 (c).